340 A.2d 435

**BETHLEHEM MINES CORPORATION,**
**a corporation, Appellant,**

v.

**COMMONWEALTH of Pennsylvania et al., Appellees.**

Supreme Court of Pennsylvania

Argued May 23, 1974.

Decided July 7, 1975.

208

———◆———

Harold R. Schmidt, Rose, Schmidt & Dixon, Pittsburgh, for appellant.

Burton D. Morris, Deputy Atty. Gen., Dept. Justice, Marvin A. Fein, Sp. Asst. Atty. Gen., Dept. of Environmental Resources, Harrisburg, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This is an appeal from an order of the Commonwealth Court dismissing Bethlehem Mines Corporation's petition for a writ of prohibition against appellees, the Commonwealth of Pennsylvania, Maurice K. Goddard, Secretary of the Department of Environmental Resources, Commonwealth of Pennsylvania, and Robert Broughton, Paul E. Waters, and Gerald H. Goldberg, individually, and as members of the Environmental Hearing Board, Department of Environmental Resources, Commonwealth of Pennsylvania. The appellant's petition in the Commonwealth Court requested that a writ of prohibition issue to prevent the Environmental Hearing Board from proceeding with a scheduled reargument of a matter involving the appellant. In dismissing appellant's petition, the Commonwealth Court held that it did not have statutory authority to issue the writ. The Commonwealth Court therefore did not reach the merits of the controversy. This appeal followed.

■■ We agree with the Commonwealth Court that it may issue a writ of prohibition only if authority to do so

has been statutorily granted. *Akron Borough v. Penna. P. U. C.*, 453 Pa. 554, 310 A.2d 271 (1973); *Carbon County v. Leibensperger,* 439 Pa. 138, 266 A.2d 632 (1970); *Pennsylvania Labor Relations Board v. Butz,* 411 Pa. 360, 192 A.2d 707 (1963). We conclude, however, that the order of the Commonwealth Court dismissing appellant's writ of prohibition must be reversed because the Commonwealth Court is authorized by statute to issue writs of prohibition.

The Commonwealth Court Act, Act of January 6, 1970, P.L. (1969) 434, § 8(g), 17 P.S. § 211.8(g), authorizes the issuance of writs necessary or suitable for the exercise of the Commonwealth Court's jurisdiction:

> "The court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of the jurisdiction given by this act . . . ."

There is no dispute that the Commonwealth Court has jurisdiction to hear appeals from the Environmental Hearing Board, the tribunal against which the writ of prohibition is sought. *See* Act of July 31, 1970, P.L. 673, No. 223, art. IV, § 401, 17 P.S. § 211.401. Since the Commonwealth Court has jurisdiction over appeals from the Environmental Hearing Board, and since it is authorized to issue every lawful writ necessary or suitable for the exercise of its jurisdiction, we conclude that the Commonwealth Court has the authority to issue a writ of prohibition.

■■ Were there any doubt about the statutory authority granted in subsection 8(g) of the Commonwealth Court Act, that doubt vanishes after a reading of subsection 8(h) of that Act. Subsection 8(h), not referred to in the Commonwealth Court's opinion provides that the Commonwealth Court shall have "all powers necessary or appropriate in aid of its appellate jurisdiction which are agreeable to the usages and principles of law." The "all powers necessary or appropriate" granted to the Com-

monwealth Court in subsection 8(h) are to be used "in aid of its appellate jurisdiction." The language "in aid of its appellate jurisdiction" is identical to language quoted with approval in *Carpentertown Coal & Coke Co. v. Laird*, 360 Pa. 94, 101, 61 A.2d 426, 429 (1948), when referring to the purpose for which a court issues a writ of prohibition. As we said in *Carpentertown Coal & Coke Co.*, the writ of prohibition is precisely the kind of writ that a court might issue to protect its appellate jurisdiction. It is "a means by which a court protects its appellate jurisdiction and may therefore be regarded as a writ ancillary to the exercise to such jurisdiction." *Id.* at 100, 61 A.2d at 429. Moreover, there is no indication in the Commonwealth Court Act that the language "every lawful writ" does not include a writ of prohibition, and we cannot read such an exception into the legislative enactment.

The appellees argue that the provisions of the Appellate Court Jurisdiction Act of 1970, which was enacted subsequent to the above cited Commonwealth Court Act, indicate that the legislature did not intend to grant to the Commonwealth Court statutory authority to issue writs of prohibition. We cannot agree. The Appellate Court Jurisdiction Act of 1970 specifically repealed the first six paragraphs, designated(a) through (f), of Section 8 of the Commonwealth Court Act, but did not repeal subsections 8(g) or 8(h). Act of July 3, 1970, P.L. 673, No. 223 art. V, § 509, *as amended* 17 P.S. § 211.-509(a)(7). It is these latter subsections, as we have noted, that grant broad statutory authority to the Commonwealth Court.

The appellees also argue that the Commonwealth Court has no authority to issue writs of prohibition because the Appellate Court Jurisdiction Act of 1970 expressly granted the authority to issue writs of prohibition to the Superior Court but was silent about the authority of the Commonwealth Court to issue such writs. See and com-

pare Section 301 with Section 401. (17 P.S. § 211.301 and § 211.401). Assuming for the moment that the Appellate Court Jurisdiction Act is silent on this point, we can hardly read such silence as indicating a legislative intent to deny authority to the Commonwealth Court to issue writs of prohibition. This is particularly true in view of the legislative action of retaining subsections 8(g) and 8(h) of the Commonwealth Court Act, while repealing subsections 8(a) through 8(f). Such silence, if its exists, may well have resulted from the legislature's belief that broad authority existed in the unrepealed subsections 8(g) and 8(h).

We do not agree, however, that the Appellate Court Jurisdiction Act of 1970 is any more silent on this point than it is concerning the statutory authority of the Superior Court.

Section 401 of the Appellate Court Jurisdiction Act provides:

"(a) The Commonwealth Court shall have original jurisdiction of:

(1) All civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity, except (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post conviction relief not ancillary to proceedings within the appellate jurisdiction of the court, . . .." (17 P.S. § 211.401)

■ The phrase "original jurisdiction . . . of all civil actions or proceedings" is broad and all inclusive. It includes jurisdiction to issue writs of prohibition directed to administrative tribunals of the Commonwealth without expressly mentioning them. The broad nature of this grant obviates the need for specific mention of the writ of prohibition.

This conclusion is corroborated by the two specific exceptions that are noted. The first exception recognizes

that the scope of the Commonwealth Court's jurisdiction is broad enough to include the issuance of writs of habeas corpus, or proceedings in the nature of post conviction relief, when they are ancillary to its appellate jurisdiction. If, as urged by appellees, the General Assembly had intended to exclude writs of prohibition, mandamus, and quo warranto from the Commonwealth's jurisdiction, it could have done so in the same manner that proceedings in the nature of applications for writ of habeas corpus or post conviction relief were excluded.

Appellees refer to Section 301 as an example of an express enumeration of the power to issue writs of mandamus and prohibition. Section 301 provides that the Superior Court:

> "shall have no original jurisdiction, except in actions of mandamus and prohibition to courts of inferior jurisdiction where such actions are ancillary to matters within its appellate jurisdiction . . ."

(17 P.S. § 211.301).

Contrary to appellees' claim, the reference to mandamus and prohibition in this Section is not an enumeration of powers to be exercised by the Superior Court, but a recitation of two exceptions to the proposition that the Superior Court "shall have no original jurisdiction." Without expression of these exceptions, the words "no original jurisdiction" would have precluded the Superior Court from exercising original jurisdiction in actions of mandamus or prohibition. Since the General Assembly provided a broad grant of original jurisdiction to the Commonwealth Court in Section 401, it would have been superfluous to refer specifically to its original jurisdiction over writs of prohibition, mandamus, and quo warranto.

The appellees also rely upon this Court's decision in *Collins v. Gessler,* 452 Pa. 471, 307 A.2d 892 (1973). *Collins,* however, is inapposite. In *Collins,* we held that because the Supreme Court had sole authority to consoli-

date magisterial districts and eliminate an existing office of justice of the peace, the Commonwealth Court did not have jurisdiction in an action of quo warranto involving a district justice of the peace. *Collins* should not be read to deny jurisdiction to the Commonwealth Court in all cases in which this Court has original jurisdiction. Section 201 of the Appellate Court Jurisdiction Act gives the Supreme Court "original but not exclusive" jurisdiction in cases of prohibition to courts of inferior jurisdiction. (17 P.S. § 211.201). In *Collins,* the conclusion that our jurisdiction in that action of quo warranto was original and exclusive was based not on a statutory grant of original jurisdiction, but on our constitutional authority over justices of the peace.

We have considered the other arguments raised and find them to be without merit.

In deciding that the Commonwealth Court has been granted statutory authority to issue writs of prohibition in certain cases, we do not, of course, decide whether the writ should be issued in this case. The Commonwealth Court did not reach this question and neither do we. Since appellant's petition for a writ of prohibition was improperly dismissed, we remand the case to the Commonwealth Court for a determination on the merits.

Order reversed and case remanded for proceedings consistent with this opinion.

JONES, C. J., filed a dissenting opinion in which EAGEN and O'BRIEN, JJ., joined.

JONES, Chief Justice (dissenting).

I agree with the majority opinion that the Commonwealth Court erroneously denied to itself the power to issue writs of prohibition. However, because I believe that the Commonwealth Court made the proper disposition of appellant's petition in light of the judicial requirements surrounding the issuance of this extraordinary writ, I must dissent.

A writ of prohibition is issued as a matter of discretion to prevent a lower tribunal from acting outside its jurisdiction. *McNair's Petition,* 324 Pa. 48, 187 A. 498 (1936). My reading of the Commonwealth Court Act of 1970, 17 P.S. § 211.1 *et seq.,* convinces me that the Commonwealth Court's power to issue a writ of prohibition is limited to the circumstances where issuance by that Court is necessary to prevent the usurpation of its jurisdiction by a lower tribunal. *Cf.* § 8(g) ("The court shall have power to issue . . . every lawful writ and process necessary or suitable *for the exercise of the jurisdiction given by this act. . . ."*); § 8(h) ("all powers necessary or appropriate *in aid of* its appellate jurisdiction . . . .") (emphasis added in both quotations). The power to issue the writ was designed by the legislature to aid in the protection of existing jurisdiction, not as an expansive addition to the statutorily-defined jurisdiction.

More importantly, this Court has limited the situations in which we will exercise our own power to issue writs of prohibition. There must be an absence of other appellate remedies and the existence of extreme necessity before the writ will issue. *West Penn Power Company v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975); *Petition of Arlen Specter,* 455 Pa. 518, 317 A.2d 286 (1974). "It will never be granted where there is a complete and effective remedy by appeal, certiorari, writ of error, injunction or otherwise." *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 102, 61 A.2d 426, 430 (1948). Our self-imposed restrictions are equally as appropriate for governance of the Commonwealth Court's power to issue the writ.

I do not find any "extreme necessity" in this case which compels the issuance of a writ of prohibition. Nor can I perceive of any reason why the merits of the case—whether the Environmental Hearing Board had the power to order reargument—could not have been

handled on appeal. In fact, on January 30, 1974, the appellant filed in this Court a petition for a writ of prohibition which was substantially similar to the petition which was denied by the Commonwealth Court. We denied the petition to this Court per curiam and without opinion on March 8, 1974, effectively settling the question of whether the issuance of the writ was appropriate.

I do not believe that a writ of prohibition should have issued from this Court or from the Commonwealth Court in the circumstances of this case. Therefore, I would hold that the Commonwealth Court made the right disposition of the appellant's petition to it, albeit for the wrong reason. A correct result should be sustained if it can be sustained for any reason whatsoever. *Turnway v. Soffer*, 461 Pa. 447, 336 A.2d 871 (1975); *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955). I would vote to affirm the order of the Commonwealth Court.

EAGEN and O'BRIEN, JJ., join in this dissenting opinion.