469 A.2d 1012

**PENNSYLVANIA DEPARTMENT OF AGING, Appellant,**

v.

**Frederick C. LINDBERG, Appellee.**

Supreme Court of Pennsylvania.

Argued May 23, 1983.

Decided Dec. 14, 1983.

424

Rosalyn K. Robinson, Chief Counsel, Harrisburg, for appellant.

J. Jay Cooper, Harrisburg, for appellee.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

HUTCHINSON, Justice.

■ Appellant, the Commonwealth's Department of Aging, filed a notice of appeal from Commonwealth Court's December 20, 1982 order directing it to reinstate appellee to the position from which the Civil Service Commission had held he was improperly furloughed. Commonwealth Court had previously affirmed that decision on the Department's

Petition for Review. While appellee's action was pending the Department offered him a lesser position. The Department furloughed him from the new position after the Commission ordered his reinstatement to the old position, also while the Department's appeal was pending. Thereafter, Commonwealth Court affirmed the Commission's order directing reinstatement. The Department paid appellee an amount representing the difference between his original pay rate and the pay rate for the lesser position, but only up until the date it furloughed him from the lesser position. It declined to further pay or employ him. In the reinstatement order, entered on appellee's "Petition for Enforcement," the subject of this appeal, the Court further directed the Department of Aging to pay appellee all wages lost at the rate for the position from which he was improperly furloughed, including those lost after he was properly furloughed from the lower paying position he had accepted after his challenged furlough. Based on stipulated facts Commonwealth Court in its memorandum opinion correctly held that the Department never complied with the State Civil Service Commission's order when it failed to reinstate appellee to the position from which he was improperly furloughed. Moreover, it correctly held the Department's argument that the Commission's reinstatement order was an abuse of discretion because appellee had accepted a lesser position while his appeal was pending was barred on grounds of *res judicata.*

Before we resolve this case on the merits, however, we must determine whether the matter is properly before us on direct appeal. Because Commonwealth Court's order was entered on appellee's petition to that court to enforce a Civil Service Commission's order, which the court had previously affirmed on appellant's petition for review, the Department claims a right to appeal to this Court under Judicial Code Section 723(a). It has a right to appeal to us only if the enforcement order is considered an order entered by Commonwealth Court in an action "originally commenced" in that court under Section 723(a) of the Judicial Code.

We hold Commonwealth Court's enforcement order was entered in a proceeding addressed to its appellate jurisdiction; therefore, appellant has no right of appeal to us under 42 Pa.C.S. § 723(a).[1] Were we to hold otherwise, a party who disagrees with a Commonwealth Court decision reviewing an agency's final order could obtain the right of appeal, which our statutes deny, by the expedient of stubbornly refusing to obey the decision, and then appealing to us as of right from Commonwealth Court's order of enforcement. Since appellant has no right of appeal we have treated its notice of appeal as a petition for allocatur, granted it and on that grant affirmed Commonwealth Court's enforcement order on the merits.[2]

Our holding that a Commonwealth agency's appeal to this Court from a Commonwealth Court enforcement order is of grace, not right, is not only practical but follows sound principles of statutory construction. It is also consonant with Article V, Section 9 of our state constitution which insures a right of appeal "from a court of record *or from an administrative agency* to a court of record or *to an appellate court....*" (emphasis added).

Article V, Section 9 of our Constitution reflects the deeply felt common law notion that all persons are entitled to at least one judicial review of original adjudications which directly affect them. It does not guarantee more than one such review. An examination of both our current statutes on appellate jurisdiction and agency review, as well as their predecessors, reveals that review at a second appellate level

**1.** This is in accord with the position Commonwealth Court took when it denied appellant's application to redocket the petition for enforcement as a separate action at a new number different from that assigned its petition for review of the Civil Service Commission order.

**2.** We have followed a similar procedure in three other cases decided this day. *XPress Truck Lines, Inc. v. Pennsylvania Liquor Control Board,* 503 Pa. 399, 469 A.2d 1000 (1983); *Gossman v. Lower Chanceford Township Board of Supervisors,* 503 Pa. 392, 469 A.2d 996 (1983); *O'Brien v. State Employees Retirement System,* 503 Pa. 414, 469 A.2d 1008 (1983).

of Commonwealth agencies' adjudications has never been required.[3]

Moreover, our decision herein reinforces the legislative purpose behind the recent enactments transferring certain types of cases formerly within the mandatory appellate jurisdiction of this Court to our intermediate appellate courts, with further review here only by discretionary grant of allocatur. *See* Act of September 23, 1980, P.L. 686, effective November 22, 1980, 42 Pa.C.S. § 722. That legislation was designed to convert this Court into one exercising its appellate jurisdiction largely by discretion, in order that we might devote our finite resources of time and attention to an in-depth study of legal issues of special statewide importance. In order that those issues should receive such attention it was felt necessary to give this Court control over its own docket. Our holding today prevents a disgruntled litigant from limiting that control. It also removes at least one advantage from stubborn insistence on additional enforcement proceedings in Commonwealth Court on matters that court has already decided on the merits.

To demonstrate that the result we reach today, on the appealability of Commonwealth Court's orders enforcing parties' compliance with its appellate decisions on the merits, is in accord with our constitution and statutes on appellate jurisdiction we proceed to specific examination of the nature of a petition to enforce, as well as relevant jurisdictional statutes governing such an action and their relation to Article V, Section 9 of our Constitution.

■ Initially, we note that ambiguous language in 42 Pa.C.S. § 761, which sets forth the "original jurisdiction" of Commonwealth Court is subject to misinterpretation. Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a), gives

3. We recognize that it is currently available as a matter of statutory right in those cases falling under that portion of Judicial Code Section 762 which gives the parties in cases involving Commonwealth agency decisions subject to appellate review in Common Pleas a right of further review in Commonwealth Court. 42 Pa.C.S. § 762(a)(3).

Commonwealth Court "original jurisdiction" of all actions involving the Commonwealth with only specific exceptions, none of which are relevant here. Actions against it or any of its officers acting officially fall under Section 761(a)(1). Those by the Commonwealth fall under 761(a)(2). Nowhere in Section 761(a) is Commonwealth Court's "original jurisdiction" limited to matters "originally commenced" there and nowhere in it is there an express exclusion of matters within Commonwealth Court's appellate jurisdiction over Commonwealth agencies under Section 763. Thus, a literal reading of Section 761(a) would bring any action against the Commonwealth, except those specifically excluded, within its original jurisdiction. Under such an interpretation the Commonwealth Court's original jurisdiction would overlap its Section 763 appellate jurisdiction over direct appeals from Commonwealth agencies; and indeed, swallow up that separate appellate jurisdiction, leaving the question of whether to address a particular matter against the Commonwealth originally or by appeal entirely up to the parties and that Court. We do not think such an interpretation makes sense. Therefore, we hold that those matters our legislature has placed within Commonwealth Court's appellate jurisdiction under Section 763 are excluded from its original jurisdiction under Section 761(a)(1). In short, the Commonwealth Court's original jurisdiction of actions against the Commonwealth is limited to those not within its Section 763 appellate jurisdiction over appeals from Commonwealth agencies, whether directly under Section 763(a)(1) or (2), indirectly under Section 762(a)(3) or (4) or otherwise within its appellate jurisdiction.

Since the petition for enforcement of the Commission's order in this case is in the nature of mandamus, we must also consider 42 Pa.C.S. § 761(c) which specifically invests Commonwealth Court with original jurisdiction in cases of "mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction." While such mandamus actions are classified as in the Commonwealth

Court's original jurisdiction, such a classification does not necessarily mean they are subject to direct appeal to this Court. A party may appeal directly to this Court from "final orders of the Commonwealth Court entered in any matter which was originally commenced in said court and which does not constitute an appeal to the Commonwealth Court." 42 Pa.C.S. § 723.[4]

■ In this connection we note especially that Section 702 of our Administrative Code, 2 Pa.C.S. § 702, and the specific statutes granting rights of appeal from certain individual agencies such as the Pennsylvania Labor Relations Board, the Liquor Control Board and others have largely eliminated the necessity of proceeding originally to review agency actions by the common law writs of mandamus, certiorari or prohibition. Indeed, the statutory appellate remedy is today the norm and the use of an original action in such matters the exception.[5] For example, our appellate rules recognize that in most cases mandamus, certiorari and prohibition are in the nature of a review of government action. Pa.R.A.P. 1502 provides:

The appeal, the actions of equity, replevin, mandamus and quo warranto, the action for a declaratory judgment, and the writs of certiorari and prohibition are abolished insofar as they relate to matters within the scope of a petition for review under this chapter. The petition for review, insofar as applicable under this chapter, shall be

4. The Act of December 20, 1982, P.L. 1409, amended Section 723(a) to read:
The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the Commonwealth Court entered in any matter which was originally commenced in the Commonwealth Court except an order entered in a matter which constitutes an appeal to the Commonwealth Court from another court. . . .
We do not believe that technical amendment is significant for present purposes.

5. However, as noted in *O'Brien v. State Employees' Retirement System,* also dealing with this jurisdictional problem, the original jurisdiction of the Commonwealth Court remains for addressing the increasingly limited class of cases in which appellate review of agency action is not provided by statute, or as to which statutory review would be inadequate.

the exclusive procedure for judicial review of a determination of a government unit.[6]

The broad sweep of our statutory remedy of appeal from "final adjudications" of state agencies is made clear when we consider the broad definition of "adjudication" in Section 101 of the Administrative Agency Law which provides, *inter alia:*

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

2 Pa.C.S. § 101. Its breadth is further demonstrated by Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702, which grants standing to appeal agency determinations to any person "aggrieved", and not just to parties to the agency actions. Indeed, there has been a parallel

**6.** An explanatory note to Pa.R.A.P. 1502 states:

Where the reviewing court is required or permitted to hear the matter de novo, the judicial review proceeding will go forward in a manner similar to an equity or mandamus action. Where the reviewing court is required to decide the questions presented solely on the record made below, the judicial proceeding will go forward in a manner similar to appellate review of an order of a lower court. However, experience teaches that governmental determinations are so varied in character, and generate so many novel situations, that frequently it is only at the conclusion of the judicial review process, when a remedy is being fashioned, that one can determine whether the proceeding was in the nature of equity, mandamus, prohibition, or statutory appeal, etc. The petition for review will eliminate the wasteful and confusing practice of filing multiple "shotgun" pleadings in equity, mandamus, prohibition, statutory appeal, etc. and related motions for consolidation, and will permit the parties and the court to proceed directly to the merits unencumbered by procedural abstractions....

See 42 Pa.C.S. § 708(e) (single form of action) which provides as follows:

(e) Single form of action.—Where pursuant to general rule review of a determination of a government unit may be had by a petition for review or another single form of action embracing the appeal and actions in the nature of equity, mandamus, prohibition, quo warranto or otherwise, the jurisdiction of the appellate court shall not be limited by the provisions of 1 Pa.C.S. § 1504 (relating to statutory remedy preferred over common law), but such provisions to the extent applicable shall limit the relief available.

development at common law with respect to actions in mandamus or in the nature of mandamus, whenever court review is on a formal record.[7]

Here, the Commonwealth Court decided the matter based on the stipulated record before it. The petition to enforce addressed to Commonwealth Court in this case is in the nature of mandamus to require a government agency, the Department of Aging, to comply with a final order of the Civil Service Commission. Unlike the statutory enforcement provisions of Section 10 of the Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. § 960 which provide a mechanism for the Human Relations Commission to enforce its own orders, the petition to enforce was here brought by the party who benefited from the agency order. However, it sought such enforcement on

---

7. But at least in modern practice mandamus is often used to review final action of an affirmative character which for one reason or another cannot be reviewed by certiorari or statutory appeal. Certiorari, as we know, brings before the court a record on the basis of which an officer has acted. It supposes a hearing required by law, and a determination made solely on the record of evidence. Thus, characteristically, no new evidence can be presented in court, though recent statutes and some early practices do permit additional evidence. Mandamus, on the other hand, can be used to review informal action, action based on investigation or after hearing granted ex gratia. Thus, in mandamus the court may in the proper exercise of discretion permit additional evidence. However, as we have already seen, it is used occasionally even though a required hearing has been held, if the petitioner is entitled to the court's independent judgment, the petitioner being permitted to introduce additional evidence. Courts today in such situations will also allow injunction or declaratory procedure. Occasionally, a proceeding to review action taken after formal hearing is called mandamus merely because the petitioner seeks affirmative relief, e.g., job restoration as opposed to the mere quashing in certiorari. But except for the *form* of the relief the review procedure in such cases is like certiorari. Where, as in the federal system, certiorari has been rendered unavailable mandamus, injunction or declaratory procedure must be used.

Jaffe, *Judicial Control of Administrative Action* 177 (1965) (footnotes omitted).

As we previously stated, our Appellate Rules recognize that the distinctions between these common law forms have proven mischievous and, therefore, Pa.R.A.P. 1502 attempts to eliminate them. We applaud that effort, but our suspicion it can never be wholly successful is strengthened by this case.

a full formal record. Thus this case has none of the characteristics of an original action brought in a court of record, from which our constitution guarantees at least one appeal.

■ Restrictions relating to finality or absence of an adjudication may nevertheless, in rare instances, require original action in Commonwealth Court to correct inappropriate agency action. *See supra* p. 431, n. 6. However, where an appeal is available and adequate, resort to original jurisdiction is not available and appeal to this Court is not present as of right, whatever the parties may denominate the form of review.

■ Moreover, orders which are pendent to actions in Commonwealth Court's appellate jurisdiction, or ancillary to it, are not "originally commenced" in Commonwealth Court within the meaning of 42 Pa.C.S. § 723. This is so even if the action is in the form of one of the extraordinary prerogative writs of mandamus or prohibition when they are used to confirm or enforce orders entered by the court in actions pending before it, or to enforce orders in matters it has already determined. The prerogative writs of mandamus and prohibition, specifically mentioned in Section 761(c), are functionally in the nature of appeals to Commonwealth Court, despite their description in 42 Pa.C.S. § 761(c) as in that court's "original jurisdiction" and that subsection's location within the section governing original jurisdiction. This is consistent with our holding that Commonwealth Court's textually all inclusive original jurisdiction does not include matters within its appellate jurisdiction. Moreover, such writs, when used in aid of appellate jurisdiction and "ancillary" to it are available only to appellate courts, which may grant them only in clear cases where it is largely unnecessary to take evidence on disputed factual issues in order to determine the propriety of their use. *See Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 61 A.2d 426 (1948). Indeed, we did not think the language of Section 761(c) was necessary to provide Commonwealth Court with this power. *Bethlehem Mines Corp. v. Com-*

*monwealth,* 462 Pa. 207, 340 A.2d 435 (1975).[8]  In that case we upheld Commonwealth Court's power, ancillary to its appellate jurisdiction, to issue prohibition and mandamus under Section 401 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.401, and Subsection 8(g) of the Commonwealth Court Act, Act of January 6, 1970, P.L. (1969) 434, 17 P.S. § 211.8(g), which gave Commonwealth Court "all powers necessary or appropriate in aid of its appellate jurisdiction," despite the failure to expressly mention mandamus and prohibition, as Section 301 of the Appellate Court Jurisdiction Act granting such power to Superior Court had done.

Thereafter, the Judicial Code, which replaced the Commonwealth Court Act and the Appellate Court Jurisdiction Act, gave Commonwealth Court "original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction."  42 Pa.C.S. § 761(c).  The draftsmen of Section 761(c) simply copied the language of Section 741 which used the term "original jurisdiction" in confirming Superior Court's long-standing power to issue these prerogative writs where ancillary to its appellate jurisdiction.  Thus, Section 761(c) simply codified *Bethlehem Mines'* extension to Commonwealth Court of the appellate power to issue writs of prohibition and mandamus, using precisely the same statu-

---

**8.** This alone distinguishes the case from *Pa. Human Relations Commission v. School Districts,* 480 Pa. 398, 390 A.2d 1238 (1978) in which a plurality of this Court said the appeal from Commonwealth Court's order on the Commission's Petition to Enforce was of right.  We expressly disapprove that decision and instead adopt the position of the dissenters, that appeal is of grace, as set forth by Mr. Justice Nix in his dissenting opinion joined by Mr. Justice (now Chief Justice) Roberts and Justice Manderino.  In this connection we also adopt the view expressed by Professor Jaffe that any proceeding to review action taken after formal hearing, although sometimes called mandamus "where a petitioner seeks affirmative relief, such as job retention" is like certiorari.  This view is in accord with the stated purpose of the draftsmen of Pa.R.A.P. 1502 to eliminate the technical distinctions between the various common law forms governing review.  *See supra* at 431  n. 6.

tory language which granted the ancillary power to issue those writs to Superior Court.

Section 741 of the Judicial Code, 42 Pa.C.S. § 741, succeeded Section 301 of the Appellate Court Jurisdiction Act providing that the Superior Court shall only have original jurisdiction "in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction." There is no provision in the Judicial Code providing an appeal as of right to the Supreme Court from matters within the original jurisdiction of Superior Court. Nevertheless, there can be no doubt that the use of these writs by Superior Court is an exercise of its appellate jurisdiction, on a record made elsewhere. We think their use in Commonwealth Court should also be treated as within an appellate, not an original, jurisdiction for this purpose because they relate to matters "commenced" elsewhere, on a record made elsewhere.

■ Moreover, although the writs of prohibition and mandamus when issued ancillary to appellate jurisdiction may be historically denominated "original jurisdiction," they do not relate to matters "commenced" in the appellate courts that issue them, but are directed to control the actions of inferior bodies with respect to matters commenced or pending there. Thus we hold that all matters involving statutory review of final adjudications of state agencies including agency adjudications finally denying an aggrieved person a hearing and all process issued pursuant or ancillary to that review is within Commonwealth Court's appellate, not its original, jurisdiction and thus not directly reviewable in this Court as of right under Section 723(a).

The Commonwealth's notice of appeal is quashed. Treated as a petition for allocatur, it is granted and on such grant Commonwealth Court's order granting appellee's petition for enforcement is affirmed.

NIX, J., did not participate in the consideration or decision of this case.

436

ROBERTS, C.J., files a concurring opinion in which ZAP-PALA, J., joins.

McDERMOTT, J., files a concurring opinion.

ROBERTS, Chief Justice, concurring.

In bringing the present action, appellee merely sought enforcement of an order of the Civil Service Commission entered against appellee's employer, the Department of Aging; appellee did not seek relief from any determination of the Commission, the agency over which the Commonwealth Court exercises appellate jurisdiction. Accordingly, section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c), which authorizes the Commonwealth Court to issue prerogative writs to administrative tribunals within that court's appellate jurisdiction, is inapposite.

As to the merits of appellant's appeal, the record is clear that the Commonwealth Court correctly granted appellee's petition to enforce the Commission's order. The Commonwealth Court's order, therefore, is properly affirmed.

ZAPPALA, J., joins in this concurring opinion.

McDERMOTT, Justice, concurring.

The legislature has designated the Commonwealth Court as the appropriate appellate court from orders of the Civil Service Commission; and has accorded that court all the ancillary and auxiliary powers necessary to carry out its functions. In this case appellee's petition for enforcement was merely a means by which the Commonwealth Court was able to exercise one of those powers. As noted by the majority, "orders which are pendent to actions in the Commonwealth Court's appellate jurisdiction, or ancillary to it, are not 'originally commenced' in Commonwealth Court." Such orders relate to matters commenced elsewhere, on a record made elsewhere, and thus were not intended within the language of section 723, 42 Pa.C.S. § 723.

As I understand the majority opinion, this is the extent of its holding, and to that extent, I join.