507 A.2d 369

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA HUMAN RELATIONS COMMISSION, Appellant,**

v.

**SCRANTON SCHOOL DISTRICT, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1986.

Decided April 2, 1986.

248

G. Thompson Bell, Asst. Gen. Counsel, Harrisburg, for appellant.

Edwin Abrahamson, Sol., Scranton, for appellee.

NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

The Pennsylvania Human Relations Commission ("Commission"), asserting we have jurisdiction under 42 Pa.C.S. § 723(a), has filed this direct appeal from an order of Commonwealth Court denying the Commission's petition for enforcement. In 1981, the Commission issued an order against the Scranton School District after Mrs. Angeline Mackarey, an employee, alleged that Scranton School District had discriminated against her in the course of her employment. The School District did not appeal that order.

Mrs. Mackarey later returned to the Commission alleging that the School District violated the Commission's order. The Commission then filed a petition for enforcement of its order in Commonwealth Court. That court, after holding evidentiary hearings, denied the petition. The Commission filed its notice of appeal to our Court.

We addressed the issue of whether there is a right of direct appeal to this Court from Commonwealth Court orders in enforcement proceedings in *Pennsylvania Department of Aging v. Lindberg*, 503 Pa. 423, 469 A.2d 1012 (1983), and held there is not. In that case, the plurality expressly disapproved of our opinion in *Pennsylvania Human Relations Commission v. School District of Philadelphia*, 480 Pa. 398, 390 A.2d 1238 (1978) (plurality opinion), which allowed an appeal as of right in enforcement cases. This necessarily follows from the reasoning in *Lindberg* that 42 Pa.C.S. § 723(a) does not allow a direct appeal as of right from orders entered on enforcement petitions filed in Commonwealth Court. There, the petition for enforcement filed by Mr. Lindberg was against the Department of Aging for violation of a State Civil Service Commission's reinstatement order which Commonwealth Court had affirmed on appeal. Here, the Human Relations Commission is seeking enforcement of its order which was never reviewed by Commonwealth Court on the merits but became final when appellee did not appeal. This distinction is immaterial. Thus, following *Lindberg*, we must quash this direct appeal. Without regard to whether enforcement petitions are within Commonwealth Court's original jurisdiction, 42 Pa. C.S. § 761, they do not involve matters "originally commenced" in that court as required by 42 Pa.C.S. § 723(a). Treating the papers filed as a petition for allowance of appeal, 42 Pa.C.S. § 724(b), Pa.R.A.P. 1102, the petition is denied.

Appeal quashed; petition for allowance of appeal denied.

PAPADAKOS, JJ., concurs in the result.

McDERMOTT and ZAPPALA, JJ., file a dissenting opinion.

McDERMOTT, Justice, dissenting.

In the case relied upon by the majority, a plurality of this Court quashed a party's appeal from an enforcement order entered by the Commonwealth Court. *See Pennsylvania Department of Aging v. Lindberg,* 503 Pa. 423, 469 A.2d 1012 (1983). I concurred in the result on the basis that the enforcement order there at issue was merely ancillary to the Commonwealth Court's appellate jurisdiction. *See* Concurring Opinion, McDermott, J., *Id.,* 503 Pa. at 436, 469 A.2d at 1019.

Here, however, the Commonwealth Court never had appellate jurisdiction. Thus, the *Lindberg* decision is not directly on point. Since the enforcement proceeding in this case, by necessity, was originally commenced in the Commonwealth Court I dissent from the decision to quash the appeal.

ZAPPALA, Justice, dissenting.

I dissent from the Court's decision to quash the appeal, treat the matter as a petition for allowance of appeal, and deny allocatur. *See Pennsylvania Department of Aging v. Lindberg,* 503 Pa. 423, 436, 469 A.2d 1012, 1019 (1983) (Concurring Opinion of Roberts, C.J., joined by Zappala, J.). As to the merits of the appeal, believing that the Commonwealth Court properly decided the issue presented, I would affirm the Order of that court.