CONCURRING OPINION BY
JUDGE BROBSON
With respect to the majority’s decision to affirm the September 21, 2015 Order of the Court of Common Pleas of Montgomery County (common pleas), denying .the Petition to Enforce Office of Open Records’ Final Determinations (“Petition to Enforce”) of Appellant John Capinski (Ca-pinski), I join. I write separately, however, because the majority’s holding that an original jurisdiction action in mandamus (or, alternatively, for injunctive relief) is the appropriate vehicle to seek enforcement of a government agency determination is in conflict with the Pennsylvania Supreme Court’s decision in Pennsylvania, Human Relations Commission v. Scranton School District, 510 Pa. 247, 507 A.2d 369 (1986) (Scranton S.D.).
The form of an action is significant for purposes of appellate review. Although this matter originated as a mandamus action before a court of common pleas, actions seeking to enforce government agency determinations are often filed in this Court as well. There is no doubt that a common law action in mandamus filed with this Court meets the definition of a matter “originally i commenced in the Commonwealth Court,” and that this Court’s decisions in mandamus actions are appealable under Section 723(a) of the Judicial Code as a matter of right. See Pa. Dental Ass’n v. Ins. Dep't, 512 Pa. 217, 516 A.2d 647, 651 (1986) (“Appellant appealed to this Court, as of right, Commonwealth Court’s denial of Appellant’s request for a writ of mandamus. This Court has mandatory appellate jurisdiction with respect to this determination under 42 Pa. C.S. § 723(a) relating to appeals from final orders of Commonwealth Court in matters commenced under that Court’s original jurisdiction.” - (Emphasis added.)). In Scranton S.D., however, which followed the Pennsylvania Supreme Court’s plurality decision in Pennsylvania Department of Aging v. Lindberg, 503 Pa. 423, 469 A.2d 1012 (1983) (plurality), our Supreme Court held that the petition to enforce an agency decision should not be considered a matter “originally commenced in the Commonwealth Court,” triggering a right of appeal to the Supreme Court under 42 Pa. C.S. § 723(a), Instead, the Supreme Court held that appeals from this Court’s decisions on *612 enforcement petitions are by allowance under 42 Pa. C.S. § 724(a).
The majority’s treatment of the Petition to Enforce as a common law action in mandamus invites confusion, particularly should some future party, following the majority’s holding, 'file an action in mandamus in this Court, seeking enforcement of an Office of Open Records’ decision relating to a Commonwealth agency. It also conflicts with a recent reported panel decision of this Court in Uniontown Newspapers, Inc. v. Pennsylvania Department of Corrections, 151 A.3d 1196 (Pa. Cmwlth. 2016), which the majority eschews in favor of a nonbinding reported decision of the Court of Common Pleas of Lackawanna County. It is simply unnecessary, in light of the Supreme Court’s decision in Scranton S.D. and this Court’s decision in Un-iontown Newspapers, to characterize a petition to enforce an agency determination as anything other than, or more than, what its name already captures.