IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Drew Williams,                          :
                    Petitioner          :
                                        :
          v.                            :
                                        :
Commonwealth of Pennsylvania            :
Department of Corrections, and          :
Prison Liaison Unit, et al.,            :    No. 65 M.D. 2023
                    Respondents         :    Submitted: March 8, 2024

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON               FILED: April 3, 2024


          Drew Williams (Williams), an inmate incarcerated in the State Correctional Institution at Somerset (SCI Somerset), has filed a *pro se* Petition for Review (Petition) seeking relief in mandamus in this Court's original jurisdiction. Williams seeks an order directing the Pennsylvania Department of Corrections (Department) or the Prison Liaison Unit of Philadelphia County (Liaison Unit) to recalculate the amount of sentence credit awarded to him for time served, pursuant to a sentencing order of the Court of Common Pleas of Philadelphia County (sentencing court) dated September 29, 2017. Both the Department and the Liaison Unit have filed preliminary objections to the Petition. For the reasons discussed below, we sustain the preliminary objections. We dismiss Williams's claim against the Department and transfer his claim against the Liaison Unit to the Pennsylvania Supreme Court in its original jurisdiction.

# I. Background

The Petition recites the following facts, which we accept as true for purposes of addressing preliminary objections.[1] Williams has been incarcerated on various criminal charges since October 5, 2015. Pet., ¶ 4. On September 29, 2017, Williams was sentenced to serve an aggregate term of 10 to 20 years of imprisonment for various consolidated criminal offenses, as follows:

No. CP-51-CR-0012559-2015 – concurrent sentences totaling 8-16 years

No. CP-51-CR-0012560-2015 – consecutive sentence of 1-2 years

No. CP-51-CR-0012561-2015 – consecutive sentence of 1-2 years

No. CP-51-CR-0012562-2015 – concurrent sentence of 1-2 years

*Id.*, ¶¶ 5-6 & Ex. A.

The sentencing court also ordered that Williams receive credit for time served. Pet., ¶ 6 & Ex. A. Williams alleges that the Department and the Liaison Unit are refusing to honor the sentencing court's directive, in that he has been denied credit for 12 months of presentencing confinement. *Id.*, ¶ 7. He also asserts that the failure to award credit for time served has resulted in an effective total sentence of 11 to 20 years, thus rendering his minimum sentence more than half the length of his maximum sentence, in violation of Section 9756(b) of the Sentencing Code,[2] 42 Pa.C.S. § 9756(b). Pet., ¶¶ 9-10.

---

[1] In ruling on a preliminary objection in the nature of a demurrer, we accept as true all well-pleaded allegations of material fact in the Petition and all inferences reasonably deducible from those facts. *Black v. Pa. Dep't of Corr.*, 889 A.2d 672, 675 n.5 (Pa. Cmwlth. 2005). However, we do not accept as true any conclusions of law, unwarranted factual inferences, argumentative allegations, or expressions of opinion. *Dodgson v. Pa. Dep't of Corr.*, 922 A.2d 1023, 1027-28 (Pa. Cmwlth. 2007).

[2] 42 Pa.C.S. §§ 9701-9799.42.

2

## II. Discussion

## A. Mandamus Relief

The Pennsylvania Supreme Court has repeatedly held:

> A proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy[,] there is a clear legal right in the [petitioner], and a corresponding duty in the [respondent].

*McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005) (citing *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001)). With specific reference to inmate claims relating to credit for time served, our Supreme Court has observed:

> The Commonwealth Court has routinely entertained Petitions for Review in the nature of mandamus seeking orders to compel the Department to apply credit for time served. . . . Where discretionary actions and criteria are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met.

*McCray*, 872 A.2d at 1130-31 (footnote omitted) (first citing *Alston v. Pa. Bd. of Prob. & Parole*, 799 A.2d 875 (Pa. Cmwlth. 2002); then citing *Saunders v. Dep't of Corr.*, 749 A.2d 553 (Pa. Cmwlth. 2000); then citing *Doxsey v. Bureau of Corr.*, 674 A.2d 1173 (Pa. Cmwlth. 1996); and then citing *Bethlehem Mines Corp. v. Commonwealth*, 340 A.2d 435 (Pa. 1975)).

## B. The Department's Preliminary Objection

The Department has filed a preliminary objection in the nature of a demurrer. The Department asserts that the Petition and its exhibits demonstrate that

Williams is not entitled to the credit he seeks and that he has established neither a clear right to relief nor a duty on the part of the Department to provide such relief.

Specifically, the Department observes that Williams received a sentence on an unrelated conviction on January 5, 2017 (Previous Sentence 1). *See* Pet., Ex. B. Although no credit for time served was awarded at that time, Williams received another sentence for another unrelated conviction on June 6, 2017 (Previous Sentence 2), at which point he received credit for time served from October 8, 2015 through January 4, 2017, the day before the imposition of Previous Sentence 1. *Id.* Thus, when Williams was sentenced for the offenses at issue here, he was given credit for only one additional day of credit, October 7, 2015, on which he was confined in relation to those offenses and for which he had not already received credit against time served.[3] That day of credit was applied to Williams's sentence at docket number CP-51-CR-0012559-2015. Pet., Exs. A & B. The Department thus posits that Williams has already received credit for all time served from October 7 forward and that he is not entitled to seek a double credit.

We agree with the Department's analysis of this issue in all respects.[4]

The sentencing court ordered "credit for time served." Pet., Ex. A. The order did not specify the amount of credit to be given. However, that issue is governed by Section 9760 of the Sentencing Code, which mandates that

the [sentencing] court shall give credit as follows:

---

[3] The pleadings provide no explanation of the apparent discrepancy between the October 7 beginning credit date and Williams's assertion that he was in custody beginning two days earlier on October 5. That discrepancy is not material to our analysis except as it further illustrates that there is doubt regarding the amount of credit to which Williams was entitled for time served, which undermines Williams's assertion of a clear right to relief in mandamus, as discussed *infra* at 7-9.

[4] The Department additionally argues that Williams is not entitled to mandamus relief because he had another remedy available in the form of an appeal of the sentencing order. Because we sustain the Department's demurrer on other grounds, we do not reach this argument.

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody *as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.* Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760 (emphasis added); *see also Bernardini v. Commonwealth* (Pa. Cmwlth., No. 650 M.D. 2016, filed May 12, 2017), slip op. at 5[5] (explaining that "a defendant must be given credit for any days spent in custody before imposition of

---

[5] This unreported opinion is cited as persuasive authority pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

his sentence, but *only if such commitment is attributable to the offense for which the sentence was imposed*") (emphasis added) (citing *Commonwealth v. Infante*, 63 A.3d 358, 367 (Pa. Super. 2013)).

Exhibit B to the Petition indicates that Williams already received credit for time served from October 8, 2015, to January 4, 2017, in connection with his sentence relating to Previous Conviction 2. From January 5, 2017, forward, Williams was serving that sentence, so the time served beginning on that date was necessarily credited to that sentence. Therefore, the Petition itself establishes that Williams is not entitled to credit for any of that time as "time served" under the sentences at issue here.[6] The Sentencing Code does not authorize application of credit against multiple unrelated sentences for the same time served; "Section 9760 of the Sentencing Code 'does not contemplate credit for time served to be awarded twice.'" *Bernardini*, slip op. at 5 (quoting *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006)). Such a multiple credit would constitute "a windfall on sentencing for a completely unrelated crime . . . ," which windfalls the Superior Court has rejected. *Commonwealth v. Hollawell*, 604 A.2d 723, 726 (Pa. Super. 1992).[7] Like the Superior Court, in considering claims of credit for time served, "[t]his [C]ourt does not deal in 'volume discounts.'" *Id.*

---

[6] To the extent that the Petition's averment of improper credit conflicts with its exhibits, we note that, in considering preliminary objections, "'[i]t is not necessary to accept as true any averments in the [Petition] that conflict with exhibits attached to it.'" *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014); *see also Vasilinda v. Dep't of Corr.* (Pa. Cmwlth., No. 440 M.D. 2019, filed Jan. 6, 2021), slip op. at 7 (quoting *Allen*).

[7] "Although not binding on this Court, Pennsylvania Superior Court decisions may be cited for their persuasive value when they address analogous issues." *City of Phila. v. Hart*, 224 A.3d 815, 821 (Pa. Cmwlth. 2020) (citing *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018)).

6

Thus, we agree with the Department that Williams has failed to plead a claim in mandamus because he has already received the time credit he seeks. Further, because Williams is not owed any further credit for time served, we likewise reject his claim that the absence of credit effectively added time to his sentence and thereby rendered his minimum sentence more than half the length of his maximum sentence.

Moreover, we sustain the Department's demurrer for the additional reason that the sentencing court's order is not sufficiently definite to support Williams's clear entitlement to relief in mandamus or a corresponding duty on the part of the Department. This Court has repeatedly concluded that relief in mandamus is not available where a sentencing order merely orders credit for time served, without specifying the amount of time to be awarded. *See, e.g.*, *Canfield v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 585 M.D. 2016, filed Aug. 11, 2017); *Leonhauser v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 499 M.D. 2007, filed Apr. 4, 2008). As we explained in *Canfield*:

> Mandamus is an appropriate remedy to correct an error in [the Department's] computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and [the Department's] computation does not comply with that credit. . . . It cannot be used to challenge [the Department's] failure to give credit where the sentencing order is either ambiguous or does not provide the credit at issue. . . . The requirements for mandamus cannot be satisfied in those circumstances because there is no clear right to relief and because the inmate has an adequate and more appropriate alternative remedy of seeking modification or clarification of the sentence in the trial court. . . .
>
> [The p]etitioner's averments here do not satisfy the requirements for mandamus. The only alleged error in [the

7

Department's] sentence calculation is that it gave [the p]etitioner 149 days for time served rather than 730 days. The . . . sentencing order did not provide that [the p]etitioner was to receive credit for 730 days or any other specific number of days against his sentence. Rather, the trial court ordered that Petitioner receive "credit for time served." . . . Nothing in the petition for review supports a conclusion that [the Department's] . . . calculation failed to give [the p]etitioner full credit for all time served.

*Canfield*, slip op. at 3-4 (first citing *Oakman v. Pa. Dep't of Corr.*, 903 A.2d 106, 108-09 (Pa. Cmwlth. 2006); then citing *Black v. Pa. Dep't of Corr.*, 889 A.2d 672, 677 (Pa. Cmwlth. 2005); then citing *Saunders*, 749 A.2d at 556; then citing *McCray*, 872 A.2d at 1132-33; and then citing *Hoyt v. Pa. Dep't of Corr.*, 79 A.3d 741, 742-43 (Pa. Cmwlth. 2013)).

Similarly, in *Leonhauser*, this Court reasoned:

We agree with [the p]etitioner that, pursuant to 42 Pa. C.S. § 9760(1)[,] he is entitled to credit for the time spent in custody on a criminal charge prior to sentencing on that charge. We also agree with [the p]etitioner that a writ of mandamus may be brought to compel the Department to apply credit for time served. . . . However, we disagree with [the p]etitioner that he has [pleaded] facts which establish that he has a clear legal right to the credit . . . .

. . . Here, the trial court awarded credit for time served, but failed to specify the amount of credit it was awarding. The Department cannot speculate as to the time to be credited based on its own review of the record or calculate the award of credit based on the claims of [the p]etitioner. . . .

*Leonhauser*, slip op. at 4 (citing *McCray*, 872 A.2d at 1133).

Here, as in *Canfield* and *Leonhauser*, the sentencing court awarded credit for time served but did not specify the amount of credit to be given. Williams has not pleaded facts establishing a clear right to credit for the number of days Williams claims he is owed for pre-sentencing time served *in relation to the offenses*

8

*at issue here*. At best, there is doubt on that issue, as the exhibits to the Petition indicate that Williams already received credit for the same time period in relation to other offenses. Accordingly, we are persuaded by our reasoning in *Canfield* and *Leonhauser* that a claim in mandamus will not lie.

For these reasons, we sustain the Department's preliminary objection to the Petition.

### C. The Liaison Unit's Preliminary Objection

The Liaison Unit also preliminarily objects to the Petition, albeit on a different basis. The Liaison Unit asserts that it is part of the Unified Judicial System and that, as such, it is not subject to any order in mandamus from this Court in its original jurisdiction. Williams does not directly dispute the Liaison Unit's contention but maintains that the proper course is not dismissal of the claim, but rather, transfer to our Supreme Court. We agree with both parties' arguments.

The Liaison Unit explains that it is part of the Office of Judicial Records of the Court of Common Pleas of Philadelphia County (Office of Judicial Records); as such, the Liaison Unit is an entity of the Unified Judicial System of Pennsylvania. We agree. *See Commonwealth v. Williams* (Pa. Super., Nos. 1263-1265 EDA 2020, filed June 14, 2022), slip op. at 7, 2022 WL 2127131[8] (describing the Liaison Unit as part of the Office of Judicial Records); *Silas v. Off. of Jud. Recs.* (Pa. Cmwlth., No. 223 M.D. 2020, filed Mar. 22, 2021), slip op. at 5 (explaining that the Office of Judicial Records is part of the First Judicial District) (quoting *In re: Transfer of*

---

[8] Unreported decisions of the Superior Court dated after May 1, 2019 may be cited as persuasive pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 37 of the Superior Court's Internal Operating Procedures, 210 Pa. Code § 65.37.

*Duties of Prothonotary & Clerk of Quarter Sessions of Phila., First Judicial Dist. of Pa.* (Pa., Judicial Administration Docket No. 412, filed September 30, 2013)).

As this Court has previously explained, only our Supreme Court has jurisdiction over a mandamus claim against a judicial entity:

> [T]he Judicial Code provides that the Pennsylvania Supreme Court has "original but not exclusive jurisdiction of all cases of . . . [m]andamus or prohibition to courts of inferior jurisdiction." . . . The Judicial Code further provides that "[t]he Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction. . . ." [T]he Pennsylvania Supreme Court, when interpreting a similarly worded provision of the Judicial Code governing the Superior Court's original jurisdiction over mandamus actions involving a court of common pleas,[] held that the Superior Court only had "jurisdiction to issue a writ of mandamus . . . where an appeal properly within its appellate jurisdiction is pending before that court and where the issuance of such a writ is necessary to protect that court's appellate jurisdiction." . . . Because no appeal was pending, "there was no predicate for the Superior Court's exercise of jurisdiction. . . ."
>
> . . . Accordingly, we agree with [the r]espondent that this Court does not have jurisdiction and sustain its preliminary objections.

*Silas*, slip op. at 4-5 (emphasis removed) (footnote omitted) (first quoting Section 721 of the Judicial Code, 42 Pa.C.S. § 721; then quoting Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c); and then quoting *Mun. Publ'ns, Inc. v. Court of Common Pleas*, 489 A.2d 1286, 1288 (Pa. 1985)); *see also* Pa. Const. art. V, § 10(a) (providing that "[t]he [Pennsylvania] Supreme Court shall exercise general supervisory and administrative authority over all the courts . . . "); 42 Pa.C.S. §§ 721(a) (conferring upon the Pennsylvania Supreme Court original, though not exclusive,

jurisdiction over, *inter alia*, mandamus claims against courts of inferior jurisdiction) & 1701 (conferring upon our Supreme Court "general supervisory and administrative authority over the unified judicial system").

Here, as in *Silas* and *Municipal Publications*, there is no pending appeal to which the Petition's request for mandamus relief is ancillary. Therefore, we agree with the Liaison Unit that this Court lacks jurisdiction over Williams's claim against the Liaison Unit. Such jurisdiction lies solely with the Pennsylvania Supreme Court.[9]

Nonetheless, because our Supreme Court has jurisdiction, we are not permitted to dismiss the claim. Section 5103(a) of the Judicial Code provides:

> (a) General rule. — If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

---

[9] Because we lack jurisdiction over Williams's claim against the Liaison Unit, we do not reach the Liaison Unit's additional argument that it is not the entity responsible for calculating sentence credit for time served.

42 Pa.C.S. § 5103(a). Because we lack jurisdiction over William's mandamus claim against the Liaison Unit, Section 5103(a) requires us to transfer that claim to our Supreme Court. *See Silas*, slip op. at 5-6 (quoting Section 5103(a)); *see generally Lichtman v. Feder* (Pa. Super. No. 2551 EDA 2019, filed Mar. 2, 2020), 2020 WL 996749 (citing and discussing *Municipal Publications* and transferring a mandamus claim against the administrator of the Office of Judicial Records to the Pennsylvania Supreme Court in its original jurisdiction).

### III. Conclusion

Based on the foregoing discussion, we sustain the Department's preliminary objection in the nature of a demurrer and dismiss Williams's claim against the Department. We sustain the Liaison Unit's preliminary objection asserting lack of jurisdiction and transfer Williams's claim against the Liaison Unit to the Pennsylvania Supreme Court.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Drew Williams,                              :
                          Petitioner        :
                                            :
            v.                              :
                                            :
Commonwealth of Pennsylvania                :
Department of Corrections, and              :
Prison Liaison Unit, et al.,                :     No. 65 M.D. 2023
                          Respondents       :

# **O R D E R**


AND NOW, this 3rd day of April, 2024, the preliminary objections of the Commonwealth of Pennsylvania Department of Corrections (Department) and the Prison Liaison Unit (Liaison Unit) are SUSTAINED. The claim against the Department is DISMISSED. The claim against the Liaison Unit is TRANSFERRED to the Pennsylvania Supreme Court pursuant to 42 Pa.C.S. § 5103(a).


_____
CHRISTINE FIZZANO CANNON, Judge