548 A.2d 402

Avis Rent A Car System, Inc. d/b/a Avis Used Car Sales, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs, State Board of Vehicle Manufacturers, Dealers and Salespersons, Respondent.

412

*Herbert G. Keene, Jr.,* with him, *Paula D. Shaffner* and *Keith R. Dutill, Stradley, Ronon, Stevens and Young,* for petitioner.

*April L. McClaine,* Counsel, State Board of Vehicle Manufacturers, Dealers and Salespersons, with her, *Joyce McKeever,* Chief Counsel, Bureau of Professional and Occupational Affairs, and *Velma A. Boozer,* Chief Counsel, Department of State, for respondent.

OPINION BY JUDGE BARRY, October 13, 1988:

Avis Rent A Car System, Inc. d/b/a Avis Used Car Sales (Avis) petitions for review of an order of the State

Board of Vehicle Manufacturers, Dealers and Salespersons (Board) which held that Avis could not sell used cars at an "off premise sale" outside of a twenty mile radius of its two Philadelphia licensed places of business.

Avis regularly sold some of its rental fleet to the general public, both at its licensed locations and at "off premises" sales. In 1986, the Board notified Avis that Board approval would be required prior to Avis' "off premise sales". When Avis sought approval for two separate sales, the Board denied approval for an "off premise sale" at a location outside of a twenty mile radius of its two licensed locations. Avis then filed two actions in this Court, one in our original jurisdiction and the other in our appellate jurisdiction. We granted the Board's preliminary objection concerning the original jurisdiction action and dismissed it as being a matter for our appellate jurisdiction. Because the Board had failed to hold a hearing prior to denying approval of the one "off premise sale", we remanded for a hearing. *Avis Rent a Car System, Inc. v. Department of State, State Board of Vehicle Manufacturers, Dealers and Salespersons,* 96 Pa. Commonwealth Ct. 294, 507 A.2d 893 (1986).

Following our remand order, the Board held a hearing. Thereafter, the Board concluded that "off premise sales" could not be held outside of a twenty mile radius of Avis' two licensed locations. This appeal followed.

At the time this action was originally commenced, Section 23(a) of the Board of Vehicles Act, Act of December 22, 1983, P.L. 306, *as amended, formerly* 63 P.S. §818.23(a), provided, "Any licensed dealer . . . may participate in any approved public vehicle *show or exhibition* which . . . has been approved by the board." (Emphasis added.) Hearings were conducted in 1986 before the Board. At all times, Avis has taken the position that Section 23 only permits the Board to approve a

"show or exhibition"; since an "off premise sale" is not specifically mentioned, Avis argued that the Board had no power to approve or disapprove an "off premise sale". In our original decision in this matter, we specifically stated that we were not deciding whether Section 23 applied to "off-premise sales". *Avis* at 299 n.8, 507 A.2d at 895 n.8.

Prior to the Board's decision pursuant to our remand order, the Legislature repealed Section 23. Act of July 3, 1987, P.L. 192, imd. effective. In its stead, the Legislature provided, in Section 231, "Any licensed dealer . . . may participate in public vehicle shows, off-premise sales and exhibitions, provided that, if a dealer is otherwise limited to a particular relevant market area, such dealer shall only participate in shows, off-premise sales and exhibitions held within that relevant market area." 63 P.S. §818.23(a) (Supp. 1988). Section 2 of the Act has since its enactment defined and continues to define the term "relevant market area" as:

> The area within a radius of 20 miles around an existing dealer or the area of responsibility defined in the franchise, whichever is greater; except that where a manufacturer is seeking to establish an additional *new vehicle dealer*, the relevant market area shall be [either a ten mile radius or a five mile radius for cities of the first or second class]. Relevant market area shall not apply to mobile home or recreational vehicle dealer or manufacturer agreements. (Emphasis added.)

63 P.S. §818.2.

One further definition of the Act must be considered. "Off-premise sale" is defined as "[a] sale for a fixed and limited period of time held in the *normal marketing area* of the participating dealer . . . which is conducted for the purpose of exhibiting and selling vehicles

at a geographical location not *normally* used as a dealership." *Id.* (Emphasis added.) Avis is essentially arguing at present the Board erred in finding Avis' *normal marketing area* was within a twenty mile radius of its licensed locations.[1]

While not raised by either of the parties, one problem surfaces immediately which requires discussion. By the time the Board issued its order in this case, prior approval of shows and exhibitions was no longer necessary. Avis argued following the July 1987 amendment to the Act that the Board only could interpret the Act to permit off-premise sales anywhere. Unfortunately, we believe the 1987 amendments to the Act doing away with the necessity of prior approval deprive the Board of subject matter jurisdiction in this case. It is well settled, of course, that we are obliged to raise the lack of trial or administrative tribunal's jurisdiction sua sponte. *Fritz v. Workmen's Compensation Appeal Board (Kim Manufacturing Co., Inc.),* 107 Pa. Commonwealth Ct. 168, 527 A.2d 636 (1987).

Although subject matter jurisdiction can be an elusive concept when applied to any particular factual scenario, we have stated, "[j]urisdiction is the power of a [tribunal] to enter into an inquiry on a certain matter." *Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 544, 417 A.2d 260, 262 (1980). As the Supreme Court has described the concept, it is "the right to have his cause heard and determined even though it might ultimately be decided that he is not entitled to the relief which he seeks." *Holmes Petition,* 383 Pa. 99, 102, 117 A.2d 704, 705-06 (1955).

The powers and duties of this Board are set forth by the Legislature in Section 4 of the Act. Only three of

---

[1] Avis makes a number of arguments concerning the Board's interpretation of the various sections involved. As our following discussion will show, none of these arguments need to be considered.

the specifically enumerated powers and duties are arguably relevant to this matter.

(3) Investigate on its own initiative, upon complaint of the Department of Transportation, Department of Community Affairs, Department of Revenue of the Office of the Attorney General, or upon the verified complaint in writing of any person, any allegations of the wrongful act or acts of any licensee or person required to be licensed hereunder.

(4) Administer and enforce this act and to impose appropriate administrative discipline upon licensee found to be in violation of this act.

(5) Bring criminal prosecutions for unauthorized, unlicensed or unlawful practice.

63 P.S. §818.4. A close reading of these subsections shows that none is applicable. Subsection 3 allows investigations into wrongful acts but here no wrongful acts have allegedly been committed; Avis wishes to do something in the future which might be a violation. The same reasoning applies to subsections 4 and 5.

When the Legislature deleted the pre-approval powers of the Board in this regard, the Board no longer had the power to decide *in advance* whether Avis' proposed action was or was not permissible. Therefore, the Board's order in this case in the nature of an advisory opinion was a nullity. Therefore, there is no order which could be appealed to this Court and the present appeal must be quashed.

### ORDER

NOW, October 13, 1988, this appeal is quashed.

This decision was reached prior to the resignation of Judge MACPHAIL.