IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Demetrius J. Grant,                          :
                                             :
                        Petitioner           :
                                             :
            v.                               : No. 794 M.D. 2018
                                             : Submitted: July 29, 2022
Pennsylvania Board of Probation              :
and Parole,                                  :
                                             :
                        Respondent           :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                       FILED:  August 11, 2023


        Before the Court is the Application for Summary Relief (ASR)[1] filed

by the Pennsylvania Parole Board (Board)[2] to the *pro se* Petition for Review (in the

Nature of a Complaint in Mandamus) (PFR) filed in our original jurisdiction by

---

[1] Pa.R.A.P. 1532(b) states, in relevant part:  "At any time after the filing of a petition for review in an . . . original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear."  Judgment may be entered "'if a party's right to judgment is clear and no material issues of fact are in dispute.'  'In ruling on [ASRs], we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law.'"  *Eleven Eleven Pennsylvania, LLC v. Commonwealth*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017) (citations omitted).

[2] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15 and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, 61 Pa. C.S. §§6101, 6111(a).

Demetrius J. Grant (Inmate), an inmate at the State Correctional Institution (SCI) at Albion. We grant the Board's ASR, and dismiss Inmate's PFR.

In *Grant v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2043 C.D. 1997, filed May 1, 1998), Inmate sought *nunc pro tunc* appellate review of the 1995 Board revocation decision recommitting him to serve the unexpired term on his original sentence, which is at issue in the instant proceeding.[3] Specifically, we summarized the facts of the case as follows:

> The Board conducted a parole revocation hearing on July 6, 1995, and on August 17, 1995, the Board mailed its revocation decision to [Inmate]. On September 15, 1995, [Inmate] filed a request for administrative relief. He sought a reversal of the recommitment order for failure to provide him with hearing counsel and errors on the green sheet regarding the number of counts of aggravated assault and firearms violations. On December 15, 1995, the Board issued a corrected green sheet that properly listed three counts of aggravated assault rather than four and two counts of firearms violations rather than three. The correction having been made, on December 22, the Board mailed its denial of any further relief. In its decision mailed on December 22, the Board notified [Inmate] that

---

[3] In considering the Board's ASR, it is appropriate for this Court to take judicial notice of our prior memorandum opinion and order in *Grant*. *See, e.g.*, Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) ("[T]his Court may take judicial notice of information contained in the publicly[]available docket of [the underlying proceedings]," and "'[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings . . . where, as here, the other proceedings involve the same parties.'") (citations omitted); *Elkington v. Department of Corrections* (Pa. Cmwlth., No. 478 M.D. 2018, filed May 27, 2021), slip op. at 9 n.4 ("Although not introduced by the parties, the underlying criminal proceedings are directly related to the claims made here and are referenced throughout the pleadings, and this Court may take judicial notice of the dockets of other courts of the Commonwealth.") (citations omitted); *see also* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

any appeal must be taken within thirty days. However, [Inmate] did not petition for our review. Rather, on January 10, 1996, [Inmate] filed a request for administrative relief from the order mailed December 22, 1995. The Board considered this request to be a second petition for relief from the recommitment ordered on August 17, 1995, and therefore, dismissed the petition.

Meanwhile, concerning a separate and unrelated conviction[,] the Board scheduled a revocation hearing for April 2, 1996, which was continued when [Inmate's] attorney became unavailable due to illness, and continued again on May 7, 1996, when [Inmate's] attorney failed to appear. On May 9, 1996, [Inmate] filed a request for administrative relief from the continuance. The hearing was not rescheduled. Rather, on June 27, 1997, the Board mailed to [Inmate] a decision, as follows: "Refer to Board action of 7-6-95 to recommit to a [SCI] as a convicted parole violator to serve [the] unexpired term – 6 years, 2 months, 20 days. Note the [new conviction], and take no further actions on this conviction."

On July 25, 1997, Grant filed with the Board a request for administrative relief from the decision of June 27, 1997. Since the June 27 decision was merely to close the file without action on the latest conviction, [Inmate] was plainly not aggrieved by this order. It would appear, however, that this request was, in fact a third request for relief from the December 22, 1995 recommitment order. On August 6, 1997, the Board responded by dismissing his requests of both May 9, 1996, and July 25, 1997, as being second requests not permitted under [Section 73.1(b)(3) of the Board's regulations,] 37 Pa. Code §73.1(b)(3).[4] Also on July 25, 1997, [Inmate] filed the instant "Petition for Review Nunc Pro Tunc." [Inmate] seeks review of the Board's decision mailed on December 22, 1995.

*Grant*, slip op. at 2-4 (emphasis added).

---

[4] Section 73.1(b)(3) of the Board's regulations states: "Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received." 37 Pa. Code §73.1(b)(3).

3

Ultimately, we quashed Inmate's petition for review as untimely, stating, in relevant part:

> The Board, in its decision of December 22, 1995, informed [Inmate] that he had thirty days in which to appeal its recommitment order. He failed to do so and instead, on subsequent occasions beyond the thirty day period, he filed with the Board additional requests for administrative relief. The Board, pursuant to [Section 73.1(b)(3) of its regulations,] 37 Pa. Code §73.1(b)(3), properly dismissed these petitions. The time in which [Inmate] could have sought review by this [C]ourt is long past. The Board's decision of June 27, 1997, to take no further action on a separate conviction, did not enlarge the time in which [Inmate] could seek our review of the Board's recommitment order issued nearly two years before.

*Grant*, slip op. at 5.[5]

---

[5] In *Grant*, as in this case, Inmate sought review, *inter alia*, based on the purported invalid waiver of his right to counsel at the July 6, 1995 revocation hearing. In his counseled appellate brief in *Grant*, Inmate argued, in relevant part, that he "was obviously not represented by counsel at his initial revocation hearing of July 6, 1995 and the validity of the waiver of counsel is at issue before this Court. ([Reproduced Record at] 75)." Inmate's Reply Brief at 7. However, with respect to the merits of Inmate's claim in *Grant*, the Board stated in its appellate brief:

> [Inmate] argues that he did not knowingly and intelligently waive representation of counsel for the Revocation Hearing. On July 6, 1995, the date of the hearing, [Inmate] signed the following "Waiver of Representation by Counsel":
>
> > Having been fully advised of my right to counsel of my choice to represent me at a hearing before the Board, and of my right to appointed counsel if I cannot afford counsel of my choice, I hereby waive this right and request that my hearing be held without counsel.
>
> (Certified Record, p.75).

**(Footnote continued on next page…)**

4

On January 2, 2019, Inmate then filed the instant PFR again seeking review of the Board's 1995 recommitment order. In relevant part, the PFR alleges that because his claim regarding the lack of counsel at his July 6, 1995 revocation hearing was not expressly addressed in the Board's December 22, 1995 corrected revocation decision, that decision is not a final appealable order under Section 763(a) of the Judicial Code, 42 Pa. C.S. §763(a),[6] nor an appealable interlocutory order under Pa.R.A.P. 311, 312, or 313.[7] PFR ¶9. Inmate further asserts that the Board has refused to issue a final decision on the merits of all of the claims that he raised in his administrative appeal of the Board's 1995 revocation decision, despite his repeated requests for the Board to do so. *Id.* ¶¶9-11. Inmate states that he filed the PFR due to the Board's failure to perform its mandatory duty by issuing a final decision on the merits of all of his claims, and that no other adequate remedies at law exist to compel such Board action. *Id.* ¶¶13-17. Based on the foregoing, Inmate seeks the following relief: (1) judgment against the Board directing it to act upon Inmate's administrative appeal; and (2) judgment against the Board for damages for

---

The waiver of counsel representation was acknowledged at the hearing. (Certified Record, p.33).

Brief for Respondent at 8.

[6] Section 763(a)(1) of the Judicial Code states, in pertinent part: "[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies in . . . [a]ll appeals from Commonwealth agencies under [Sections 701 to 704 of the Administrative Agency Law, 2 Pa. C.S. §§701-704,] or otherwise and including appeals . . . from any other Commonwealth agency having Statewide jurisdiction." 42 Pa. C.S. §763(a)(1).

[7] Pa.R.A.P. 311 outlines the types of orders from which an interlocutory appeal may be taken as of right. In turn, Pa.R.A.P. 312 provides the types of orders from which an interlocutory appeal may be taken with court permission. Finally, Pa.R.A.P 313 relates to orders that are appealable as "collateral order[s]."

failure to perform a duty required by law pursuant to Section 8303 of the Judicial Code, 42 Pa. C.S. §8303.[8]  *See id.* at 3.

In response, on February 13, 2021, the Board filed the instant ASR asserting, *inter alia*, that our prior memorandum opinion in *Grant* "makes it clear that [Inmate] failed to avail himself of the opportunity to address his concerns in a timely manner," and that "[i]f [Inmate] disagreed with th[is] Court's opinion, he should have sought relief in the Supreme Court of Pennsylvania."  ASR ¶5.  As a result, the Board claims that "[s]ummary relief should be granted because there is no basis for [Inmate] to revive his lapsed appeal rights in this matter."  *Id.* ¶8.

As this Court has recognized, the Board's 1995 revocation decision is a final order that could have been appealed to this Court.  *Bronson v. Board of Probation and Parole*, 421 A.2d 1021, 1024-25 (Pa. 1980); *see also Grant*, slip op. at 5 ("The Board, in its decision of December 22, 1995, informed [Inmate] that he had thirty days in which to appeal its recommitment order. . . .  The time in which [Inmate] could have sought review by this [C]ourt is long past.").  Moreover, and more importantly, the Supreme Court has also specifically noted that "[o]ne who allows his statutory appeal rights to expire cannot at a later date successfully claim those appeal rights under the guise of a petition for writ of mandamus."  *Lizzi v. Unemployment Compensation Board of Review*, 353 A.2d 440, 441 (Pa. 1976).

In short, as outlined in our prior opinion, Inmate should have appealed the Board's 1995 revocation decision to this Court, raising any and all allegations of Board error with respect to the revocation of his parole.  Inmate may simply not use

---

[8] Section 8303 of the Judicial Code states:  "A person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal."  42 Pa. C.S. §8303.

a proceeding in mandamus to revive any appellate claims that he might have asserted in any such appeal to this Court.

In fact, Inmate has previously sought to collaterally attack the Board's 1995 revocation decision in a prior petition for review that he filed in this Court on June 22, 2011. In that petition, Inmate alleged, *inter alia*, that the Board's 1995 revocation decision was void because the Board was without jurisdiction to conduct the July 6, 1995 revocation hearing in the first instance as he was serving a Georgia judgment of sentence at that time, and that such a jurisdictional issue may be raised at any time. However, in relevant part, our order dismissing his prior petition states:

> [U]pon consideration of the petition for review, in which [Inmate] is challenging the recalculation of his parole violation maximum date, such an action is properly brought in this [C]ourt's appellate jurisdiction, *McMahon v. [Pennsylvania Board of Probation and] Parole*, 470 A.2d 1337 (Pa. 1983); [*Bronson*], and this [C]ourt's original jurisdiction cannot be used to revive lapsed appeal rights, [*Lizzi*]. Accordingly, the petition for review is dismissed for lack of original jurisdiction.

*Grant v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 282 M.D. 2011, filed June 23, 2011).[9] Likewise, the instant PFR will also be dismissed as an

---

[9] *See also Capinski v. Upper Pottsgrove Township*, 164 A.3d 601, 609 n.12 (Pa. Cmwlth. 2017), in which we stated:

> [The opinion in *Avis Rent A Car System, Inc. v. Department of State, State Board of Vehicle Manufacturers' Dealers and Salespersons*, 507 A.2d 893, 896-97 (Pa. Cmwlth. 1986),] stands for the proposition that a mandamus action is barred, as it always is, where there is an administrative remedy prescribed by statute and the outcome can be appealed to this Court. *See also Highway Paving Company v. State Board of Arbitration of Claims*, [180 A.2d 896, 897 (Pa. 1962)] ("[The a]ppellant's attempt to resort to mandamus is merely a veiled substitute for an appeal and is, therefore, improper.").

improper attempt to revive Inmate's waived appellate claim regarding the purported violation of his right to counsel at the July 6, 1995 revocation hearing.

Accordingly, the Board's ASR is granted, and Inmate's PFR is dismissed.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Demetrius J. Grant, :
:
Petitioner :
:
v. : No. 794 M.D. 2018
:
Pennsylvania Board of Probation :
And Parole, :
:
Respondent :

**PER CURIAM**

## **O R D E R**

AND NOW, this 11<u>th</u> day of <u>August</u>, 2023, the Application for Summary Relief filed by the Pennsylvania Board of Probation and Parole is GRANTED, and the Petition for Review (in the Nature of a Complaint in Mandamus) filed by Demetrius J. Grant is DIMISSED.