## Carbon County *v.* Leibensperger, Appellant.

Argued April 29, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John P. Lavelle,* for appellant.

*Roger N. Nanovic,* Solicitor, for appellee.

OPINION BY MR. JUSTICE COHEN, July 2, 1970:

This is an appeal from a decree of the Court of Common Pleas of Carbon County granting a preliminary

injunction sought by Carbon County against Robert Leibensperger, a justice of the peace. The action was instituted by the filing of a "Petition for Preliminary Injunction" and grew out of an attempt by the tax collector for the Borough of Summit Hill, Mary Ann Christopher, to collect delinquent 1968 personal property taxes. Leibensperger, appellant, mailed affected taxpayers documents entitled "Official Demand Before Suit" which listed the tax collector as plaintiff and stated that a certain figure was the amount for which judgment was asked and that the cost of suit was $5.00.[1] The record discloses that one taxpayer, Charles Buzik, paid directly to the tax collector the amount of tax due plus interest but did not remit $5.00 for costs. He then received a summons requiring him to appear before appellant on December 6, 1969 to answer a demand for the $5.00 plus costs of that proceeding totalling $11.00.

When the Commissioners of Carbon County learned of these developments, they, on December 5, 1969, filed a "Petition for Preliminary Injunction" which requested that the court restrain appellant from taking any steps towards collecting the costs. That same day the court without notice to appellant entered an *ex parte* decree granting the preliminary injunction and setting a hearing for December 9. After that hearing the court issued a decree continuing the preliminary injunction previously issued. The court stated that "we find it abhorrent that the defendant is the prosecutor suing for a debt allegedly owing him and bringing the

---

[1] It is alleged that the number of taxpayers affected exceeds 200. At the hearing on December 9, 1969 only one taxpayer (Charles Buzik) testified, but appellee indicated that four other taxpayers with similar circumstances were present and prepared to testify. The court saw no reason to call them, however. The record does not disclose how many "Official Demands Before Suit" or how many summons were sent.

action in his own court where he will sit in judgment" and that it felt equity had jurisdiction to restrain an illegal act. It is from the decree of December 9 that appellant appeals.

Although this suit was brought in equity and sought an injunction to restrain appellant from proceeding with the suits for costs, in actuality it was a request for a writ of prohibition. The writ of prohibition is the facility by which this Court exercises superintendence over inferior courts and keeps inferior courts within the limits of their rightful powers and jurisdiction, *Carpentertown Coal & Coke Company v. Laird*, 360 Pa. 94, 61 A. 2d 426 (1948), and in *Pennsylvania Labor Relations Board v. Butz*, 411 Pa. 360, 192 A. 2d 707 (1963), we specifically held that the issuance of a writ of prohibition is not within the powers of a court of common pleas of this Commonwealth.

As the action of the court below in issuing what was in reality a writ of prohibition was beyond its power, it is not necessary to discuss the innumerable procedural errors that appear in the record. Also, nothing contained in this opinion should be taken as approval of the course of conduct pursued by appellant.

The decree of the court below is vacated. Costs on the County.