**Herrera v. Burke**

*John J. Auritt,* for plaintiffs.

*Joseph E. Pappano,* for defendant.

REED, J., October 5, 1970.—Plaintiff, John Herrera, filed a complaint in equity, seeking to permanently enjoin defendant magistrates from violating Pennsylvania Rule of Criminal Procedure 107 by issuing body warrants for arrest of persons charged with summary offenses,[1] when such proceedings should be commenced by summons.[2]

Plaintiff, a long-time resident of Chester, received reliable information that a body warrant was about to be issued by Magistrate Burke for plaintiff's arrest on a disorderly conduct charge, a summary offense. To protect himself against this anticipated and alleged abuse of process, he sought a special injunction concurrent with the filing of his complaint.

Plaintiff alleges that he represents not only himself as a person about to be unduly harmed, but also a class of persons "in Chester who everyday are arrested

---

[1] Summary offenses are those triable before a magistrate, now district justice, including violations of local ordinances, and most traffic violations.

[2] Rule 107 provides exceptions allowing body warrants, discussed hereinafter.

for minor [summary] offenses, and who subsequently must pay a bail fee . . . to be released."

Because of these allegations and our concern with the proper functioning of the district justices in the public interest, we issued a special ex parte injunction on August 27, 1970, and held a hearing thereon on September 3, 1970.

Defendant filed preliminary objections to plaintiff's complaint at that time and offered no testimony. We took these preliminary objections to be in the nature of a motion to dismiss plaintiff's complaint. We heard argument on defendant's motion, reserved ruling on it, directed counsel for the parties to file legal memoranda and took testimony from plaintiff and his witnesses.

Meanwhile, we continued our special injunction, pending this ruling on defendant's motion to dismiss plaintiff's complaint.

Defendant initially views this complaint as a petition for writ of prohibition, which only the Supreme Court can issue: Carbon County v. Leibensperger, 439 Pa. 138. Plaintiff counters that either the complaint is not such a request, or, if it is, we have the power to issue it. Our consideration of the complaint and the testimony makes it unnecessary that we reach this issue raised by defendant, since for other and more pertinent reasons plaintiff's complaint is fatally defective.

As class actions have developed in the law, this much is required: The complaint must be framed and captioned as a class action, and it must be apparent that plaintiff represents an identifiable class made up of persons sharing with plaintiff a common interest, identifiable as the subject of the litigation: Penn Galvanizing Co. v. Philadelphia, 388 Pa. 370, 130 A. 2d 511. The class involved or intended must be of such number, scope or inclusion that it is impracti-

cable to bring the action as a joint action, wherein all sharing the common interest are actual parties to the litigation. It is preferable wherever practicable, that one having his legal rights litigated be joined as a party, rather than, perhaps unknowingly, have a representative litigate for him, in a class action. While it is not necessary that the number included be alleged by a head count, it must be obvious that the number covered does exist and is of such size or scope as to make it impractical for a joinder of them: Goodrich-Amram, Pennsylvania Procedural Rules Commentary to Pa. R. C. P. 2230; and 2 Standard Pa. Pract. §96, p. 416.

Applying these standards, we are unable to conclude plaintiff represents a "class." Plaintiff's complaint alleges "those everyday arrested . . ." Plaintiff offered neither by complaint nor testimony any idea of the number every day arrested for minor offenses. We could reasonably guess this may be a large number; yet we must also just as reasonably conclude it may be a small number. Therefore, the number, size or scope of the class alleged is, if not wholly unrevealed, at least so vague that we must conclude it is not a legally recognizable "class" by any standards.

Moreover, even if we assumed that the number or scope of those every day arrested was large, from allegations and proof we are wholly unable to resolve from among them against what number, if any, rule 107 was violated. Of those arrested, some may be properly arrested under rule 107, hereinafter set forth. Without this knowledge, which is totally lacking, there is no class alleged or proved. The 4 or 5 produced by plaintiff arrested in the past in violation of rule 107, do not make a class.

Class actions, in the area of civil rights, have received much attention and impetus from some cases brought to end segregation and discrimination. By

comparison, those cases posed legal wrongs committed against a whole and plainly identifiable body of citizens, making the class, any one of whom suffered the wrong with all others.

These cases do not recast class actions, so much as they reaffirm their validity under the standards we have explained for class actions.

Plaintiff suggests that the alleged violation falls hardest upon the poor. That may very well be so, but this does not create the class. The sole and unanswered question is the identification of those involved, how many are involved and the extent of any violation. The suggestion of degrees of resultant economic hardship does not create a class.

Furthermore, equitable relief is available only where other legal relief or remedy does not reasonably exist. Any defendant arrested, as here, has legal remedies and relief he may obtain: Paramount is the right of habeas corpus, which is at least as quickly pursued as the action followed here and also is, if defendant is poor, available at no cost to him. Habeas corpus, for one among others, will more clearly and adequately define the issue for the courts, absent the inherent vagueness and difficulty of this suit. Cf. Dixon v. McEwen, United States District Court for the Eastern District of Pennsylvania, no. 70-2041.

Rule 107 of the Supreme Court Rules of Criminal Procedure states:

"(a) If the complaint before arrest charges only a summary offense, the issuing authority shall issue a summons and not a warrant of arrest, except as provided in clause (b).

"(b) A warrant of arrest shall be issued only if:

"(1) The summons has been served upon and disobeyed by defendant;

"(2) The summons has been returned undelivered; or

"(3) The defendant is unknown, or a nonresident, or not known to be a resident and the issuing authority has reasonable grounds to believe that the defendant will not obey the summons."

The rule's purpose is to substantially restrict the use of body warrants in all summary proceedings, so that persons charged with this type offense will not be subjected to the procedures required for the more serious offenses, misdemeanors and felonies.

Much of the information needed by the magistrate, to make a proper determination under rule 107, should be readily available from the complaint itself or from the complaining officer or citizen; it is the district justice's duty to obtain this information from the sources we have indicated, at least. He should not arbitrarily make any conclusions in favor of a warrant, nor should he summarily decide, out of hand, that a warrant should issue. If he issues a warrant, he should be prepared to support his action within the Rule.

We direct attention again, that these are minor offenses, wherein experience dictates most defendants do obey a summons, and the just purpose of the law is to use arrest only as a last resort, in order to avoid the hardship of posting bail for minor offenses. *Viewed in this aspect, it is proper to conclude that doubts should be resolved against issuing a warrant, not in favor of it.*

Of course, if the summons is returned or disobeyed, then secondarily a warrant may be issued. This procedure would ensure compliance with a summons ordinarily, because it is difficult to conceive of a defendant risking the issuance of a warrant with its attendant consequences and hardship for disobedience of the summons.

We think, having reviewed and reminded the district justices of the law, there is neither need nor right to enjoin defendants, in any event to now obey it for we expect that they will obey, as responsive public officials. Cf. Bailey v. Patterson, 323 F. 2d 201.

For these reasons, plaintiff's complaint must be dismissed. Plaintiff has failed to state a cause of action as to him; he has not alleged a proper class action; he has an adequate remedy at law and is not entitled to equitable relief.

## ORDER

And now, October 5, 1970, plaintiff's complaint in the above-captioned suit in equity is dismissed for the reasons aforesaid, and the injunction issued herein is dissolved.