## Kehl v. Undereiner

*James A. Kehl,* plaintiff, in persona praesentes.
*Robert L. Woshner,* for defendant.

DOYLE, J. July 3, 1974.—On March 7, 1974, plaintiff, pro se, and defendant, represented by counsel, appeared at a hearing before a district magistrate. Plaintiff alleged that defendant, lessee of plaintiff's dwelling house, damaged certain tangible personalty owned by plaintiff. At the conclusion of the hearing, the magistrate reserved decision and on March 29,[1] entered judgment for plaintiff in the sum of $331.33. On April 18, 1974, defendant filed a praecipe for a writ of certiorari to the justice of the peace, alleging that the proceeding before the justice of the peace was "so grossly irregular as to make the judgment void."

On June 12, 1974, plaintiff filed a "praecipe for dismissal" of the writ of certiorari. On June 27, 1974, defendant filed a "petition to withdraw certiorari."

---

[1] Although the district magistrate did not enter judgment within five days after the hearing as required by Pennsylvania Rule of Civil Procedure, Justice of the Peace §322, this defect is not pertinent to the issues raised by the instant petition.

alleging that he had filed the praecipe for the writ of certiorari "believing it to be the quickest and safest act to [protect his interest] under the circumstances inasmuch as twenty days was expiring since the rendition of the judgment which was already beyond the time limit allowed for judgment."

After a writ of certiorari has issued and the record delivered in obedience to the writ and the time for filing specifications of error has expired and no specifications have been filed, may the party who caused the writ to issue have the certiorari proceedings withdrawn and be permitted to appeal the judgment of the justice of the peace.

Since the year 1790, the Constitutions of this Commonwealth have provided for judicial review by writ of certiorari. The Constitution of 1968, art. V, schedule §26, provides:

"Unless and until changed by rule of the Supreme Court, in addition to the right of appeal under section nine of this article, the judges of the courts of common pleas, within their respective judicial districts, shall have power to issue writs of certiorari to the . . . justices of the peace and inferior courts not of record and to cause their proceedings to be brought before them, and right and justice to be done."

Pa. R. C. P. J. P. §1001(3) defines "certiorari" as "an examination by the court of common pleas of the *record* of proceedings before a justice of the peace to determine questions raised under [Pa. R. C. P. J. P.] Rule 1009A." An explanatory note to Rule 1001 instructs that:

"Certiorari is restricted to an examination of the record . . . Flaherty v. Atkins, 189 Pa. Super. 550 . . . (1959). This is a *narrow* form of certiorari, both with respect to procedure and the matters which can be considered under Rule 1009A. Since an aggrieved party will be entitled to a broad form of *appeal de novo*

under these rules, there seems to be no justification for providing also a broad form of certiorari. These restrictions on the writ of certiorari are authorized by §26 of the Schedule to Article V of the 1968 Constitution. The *writ of error* . . . is not a form of appellate process permitted by these rules, nor was it provided for in the Minor Judiciary Court Appeals Act, Act of December 2, 1968 P. L. —, No. 355, 42 P. S. 3001 et seq. (suspended in part by Rule 1081(27).* See also County of Carbon v. Leibensperger, 439 Pa. 138, 266 A.2d 632 (1970) (court of common pleas cannot issue writ of prohibition)." (Emphasis supplied)

Thus, the narrow function of certiorari to a court not of record is to permit a review of the *record* of the proceedings of an inferior tribunal. In the "narrow" certiorari applicable here the reviewing court is empowered only to consider: (1) Such gross irregularities of procedure as appear on the face of the record; (2) issues relating to venue; (3) issues relating to jurisdiction over the parties; (4) issues relating to jurisdiction over the subject matter of the litigation: Pa. R. C. P. J. P. 1009A. Cf., Commonwealth v. Sherk, 44 D. & C. 2d 40 (1967); Commonwealth v. Gerhart, 60 Lanc. 185 (1966).

Pa. R. C. P. J. P. 1015 addresses itself to the issue presented:

"A judgment may not be the subject of *both* certiorari and appeal. The prothonotary shall mark stricken from the record any writ of certiorari concerning a judgment as to which an appeal is *pending* if proof of service of copies of the notice of appeal has been filed. If the *appeal* is stricken or voluntarily terminated, the writ of certiorari shall be reinstated upon praecipe of the party obtaining the writ." (Emphasis supplied)

---

* However, the writ of error apparently has been resurrected in at least one instance (judgments entered in non-jury cases). See Constitution of 1968, article V, Schedule §25.

The note accompanying Rule 1015, in pertinent part, reads:

"Probably because of these administrative difficulties, the courts of common pleas have rather uniformly prohibited joining the two remedies of appeal and certiorari and have either required an election or *forced the prosecution of the first type filed to the exclusion of the other.*" Emphasis supplied)

In the case at bar, we are not confronted with a party who has filed both an appeal and a praecipe for a writ of certiorari within the period allowed by the rules. Rather, defendant, having timely obtained a writ of certiorari, now, more than two months after the appeal time has expired, seeks to withdraw it and substitute an appeal. In Russell v. Shirk, 3 Pa. C.C. 287 (Chester County, 1887), defendant timely filed *both* an appeal and a praecipe for a writ of certiorari from a judgment for plaintiff entered by a justice of the peace. The issue framed by the Chester County court was "whether a defendant can appeal from the judgment of a justice, and subsequently take his certiorari and conduct both proceedings at the same time." After concluding that defendant cannot properly pursue both remedies but must stand on either his appeal or his certiorari, the court added this obiter dictum:

"A party may, subject to the supervision and leave of the court, withdraw one remedy and substitute the other *within the proper time.* He may abandon his appeal before making it effectual by filing the transcript, and elect his remedy by certiorari [citation omitted], or he may, probably, with the consent of the court, discontinue his certiorari and rely on his appeal . . . As a rule, *where both proceedings are regular,* the court will hold the party to the proceeding first taken." (Emphasis supplied)

In Russell, defendant having first filed his appeal, the certiorari was quashed. In contrast, defendant in

this case has elected to obtain review of the judgment by certiorari only and, in fact, has not filed a specification of errors pursuant to Allegheny County Rule of Civil Procedure 503(b). Accordingly, we must dismiss the writ and return the record of proceedings to the justice of the peace.

Defendant's petition also prays for leave to file an appeal nunc pro tunc. Pa. R. C. P. J. P. 1002 provides:

"A party aggrieved by a judgment may appeal therefrom within twenty (20) days from the date of the judgment."

In recognition of the intention of the draftsmen of the rules, as reflected in the notes quoted, supra, and in consonance with the sound reasoning of the Russell decision, supra, we hold that defendant's right of appeal from the judgment of the justice of the peace must fit the time schedule of the rules or be lost. The fact that a writ of certiorari was timely filed will not ipso facto exempt defendant from compliance with the procedural ground rules binding all litigants. Whether we apply the strict time limitation of Rule 1002 or the "rule of election" contained in both Russell, supra, and the note to Pa. R. C. P. J. P. 1015 supra, we are compelled to deny the request for leave to file an appeal nunc pro tunc.

An appropriate order will be entered.

### ORDER

And now, July 3, 1974, after consideration of oral arguments, it is ordered, adjudged and decreed that defendant's Petition for leave to file an appeal nunc pro tunc is denied and dismissed; the writ of certiorari is dismissed; the prothonotary shall return the record of proceedings to the justice of the peace.