Rule 501. Definition**s**

**[A.]** As used in this chapter**[,]:**

**(1) [“action”]** **“Action”** means an action by a landlord against a tenant for the recovery of possession of real property brought before a magisterial district judge.

**(2) [As used in this chapter, “complaint”]** **“Complaint”** shall include, where applicable, the attached and completed Recovery of Real Property Hearing Notice form.

**(3) “Victim of domestic violence” means a person who has obtained a protection from abuse order against another individual or can provide other evidence of abuse.**

Official Note: Distress for rent will not be covered in rules of civil procedure for magisterial district judges, for it is not an action or proceeding before a magisterial district judge and any constable carrying out the “landlord's warrant” is acting as an agent of the landlord and not as an officer serving process of a magisterial district judge. **[See §]** *See* **Section** 302 of the Landlord and Tenant Act of 1951, 68 P.S. § 250.302.  Actions for rent (§ 301 of the Act, 68 P.S. § 250.301) and to defalcate (§ 307 of the Act, 68 P.S. § 250.307) are not included in this chapter, for these are actions of assumpsit. **[See also]** *See also* § 572 of the Act, added by Act of May 3, 1968, P.L. 107, No. 56, § 1, 68 P.S. § 250.512. A number of trespass actions are also detailed in the Landlord and Tenant Act of 1951 (**[see]** *see* §§ 311-313, 68 P.S. §§ 250.311-250.313), and these would be brought under the rules pertaining to trespass actions. Consequently, this chapter will be concerned only with the action for the recovery of possession of real property. **[But see]** *But see* Rules 503C(8) and 508 as to joinder of actions and cross-complaints.

**The definition of a victim of domestic violence is derived from 68 P.S. § 250.513.**

Rule 514. Judgment; Notice of Judgment or Dismissal and the Right to Appeal

A.    If it appears at the hearing that the complaint has been proven, the magisterial district judge shall enter judgment against the tenant that the real property be delivered up to the landlord and shall enter judgment by separate entries:

(1)    for the amount of rent, if any, which remains due,

(2)    for the amount of damages, if any, for unjust detention,

(3)    for the physical damages, if any, to the leasehold premises, and

(4)    for the costs of the proceeding;

less any amount found due the tenant on any cross-complaint filed by the tenant.

In addition, the magisterial district judge shall make an entry identifying the sum of money found by the magisterial district judge to constitute the monthly rental for the leasehold premises.

B.    A money judgment may be rendered for the tenant on a cross-complaint filed by the tenant if the amount found due thereon exceeds any amount found due the landlord on the landlord's complaint.

C.    (1)    Judgment shall be given at the conclusion of the hearing or within three days thereafter.

(2)    Upon the entry of the judgment, the magisterial district court shall promptly give or mail to the parties written notice of judgment or dismissal.

D.    The written notice of judgment or dismissal shall contain:

(1)    notice of the right of the parties to appeal, the time within which the appeal must be taken, and that the appeal is to the court of common pleas**[,];**

(2)    **notice that a tenant in a residential lease action who is a victim of domestic violence may appeal the judgment within 30 days of the date of entry of judgment, as well as filing instructions for asserting such an appeal;**

**(3)**    notice that, except as otherwise provided in the rules, if the judgment holder elects to enter the judgment in the court of common pleas, all further process must come from the court of common pleas and no further process may be issued by the magisterial district judge**[,];** and

2

**[(3)](4)** notice that unless the judgment is entered in the court of common pleas anyone interested in the judgment may file a request for entry of satisfaction with the magisterial district judge if the debtor pays in full, settles, or otherwise complies with the judgment.

Official Note: Subdivision A of this rule requires that the landlord appear and give testimony to prove the complaint before the magisterial district judge can enter judgment against the tenant, even when the tenant fails to appear for the hearing. The magisterial district judge shall not enter a default judgment in a possessory action, including a judgment for money only. *See* Rule 512A and Note. The various issues that the magisterial district judge must determine at the hearing include: whether notice to quit was given to the tenant in accordance with law or that no notice was required under the terms of the lease; the amount or rent due, if any; damages to the leasehold premises, if any; the amount found to constitute the monthly rental; and, the amount of the security deposit held by the landlord, if any.

As to the notice to quit requirement, *see* Section 501 of the Landlord and Tenant Act of 1951, 68 P.S. § 250.501. *See also Patrycia Bros., Inc. v. McKeefrey*, 38 Pa. D. & C.2d 149 (Delaware County C.P. 1966).

The separate entries provided in subdivision A are made necessary as a result of the rental deposit provisions for appeal or *certiorari* contained in Rules 1008B and 1013B, as well as the wage attachment provisions contained in Section 8127 of the Judicial Code, 42 Pa.C.S. § 8127.

Subdivision B of this rule makes provision for a money judgment for the tenant if the tenant prevails in a greater amount on the tenant's cross-complaint.

**[For procedure for entry of satisfaction of money judgments, see Rule 341.]**

**Subdivision D of this rule provides for certain notices the magisterial district court shall include in the written notice of judgment or dismissal.**

**Subdivision D(2) reflects that the appeal period for a victim of domestic violence in a case arising out of a residential lease is 30 days. *See* Rule 1002B(2); *see also* 68 P.S. § 250.513. A tenant who is a victim of domestic violence may file a domestic violence affidavit with the magisterial district court to stay the execution of an order for possession until 30 days after the date of entry of the judgment, the filing of an appeal with the court of common pleas pursuant to Rule 1002, or by order of the court of common pleas, whichever is earlier. *See* Rule 514.1.**

As to subdivision D**[(2)](3)**, *see* Rule 402D and Note. As to subdivision D**[(3)](4)**, *see* Rule 341.

[This is an entirely new Rule.]

Rule 514.1. Domestic Violence Affidavit

A.     A tenant in a residential lease action who is a victim of domestic violence may file a domestic violence affidavit with the magisterial district court in order to stay the execution of an order for possession.

B.     The domestic violence affidavit shall be on a form prescribed by the State Court Administrator and shall require the tenant to affirm that he or she is a victim of domestic violence.

C.     The filing of the domestic violence affidavit with the magisterial district court shall stay the execution of an order for possession.  The stay will terminate as of the filing of an appeal with the prothonotary pursuant to Rule 1002, 30 days after the date of entry of the judgment, or by order of the court of common pleas, whichever is earlier.

D.     The magisterial district court shall enter the domestic violence affidavit on the docket of the residential lease action.

E.     The magisterial district court shall serve a copy of the domestic violence affidavit on the landlord by mailing it to the landlord at the address as listed on the complaint form filed in the magisterial district court or as otherwise appearing in the records of that office, or the attorney of record, if any, of the landlord.

F.     The tenant shall attach a copy of the domestic violence affidavit to an appeal filing made pursuant to Rule 1002.

G.     The domestic violence affidavit is not a public record and it shall not be publically accessible.

Official Note:  The appeal period for a victim of domestic violence in a case arising out of a residential lease is 30 days.  *See* Rule 1002B(2); *see also* 68 P.S. § 250.513.  A tenant who is a victim of domestic violence may file a domestic violence affidavit with the magisterial district court to prevent the execution of an order for possession prior to filing an appeal.  The filing of the affidavit will prohibit the execution of an order for possession until after the 30th day following the date of entry of judgment, giving the tenant time to make the necessary appeal filing with the prothonotary pursuant to Rule 1002. If the tenant does not file a domestic violence affidavit with the magisterial district court within 21 days following the date of entry of judgment, the tenant is at risk of eviction.

The domestic violence affidavit set forth in subdivision B shall contain the name of the tenant who is a victim of domestic violence, the name of the perpetrator, the

5

perpetrator's relationship to the tenant who is a victim of domestic violence, and the docket number for any protection from abuse case involving the tenant who is a victim of domestic violence and the perpetrator. The affidavit shall contain the tenant's verification that the statements made in the affidavit are true and correct to the best of the tenant's knowledge, information and belief, and that any false statements are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

No posting of money or bond is required to obtain a stay with the filing of a domestic violence affidavit. However, upon the filing of an appeal pursuant to Rule 1002, the stay is lifted, and the *supersedeas* requirements of Rule 1008 shall apply.

If the landlord wishes to challenge the affidavit of domestic violence, the landlord shall only do so by filing an appropriate motion in the court of common pleas. No action challenging the domestic violence affidavit on any grounds shall be filed in the magisterial district court.

This rule establishes that the domestic violence affidavit is not a public record and shall not be publically accessible. *See Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*, Section 9.0F.

Rule 515. Request for Order for Possession

A.      If the magisterial district judge has rendered a judgment arising out of a non-residential lease that the real property be delivered up to the landlord, the landlord may, after the 15th day following the date of the entry of the judgment, file with the magisterial district judge a request for an order for possession. The request shall include a statement of the judgment amount, return, and all other matters required by these rules.

B.      (1)      Except as otherwise provided in subdivision B(2), if the magisterial district judge has rendered a judgment arising out of a residential lease that the real property be delivered up to the landlord, the landlord may after the 10th day but within 120 days following the date of the entry of the judgment, file with the magisterial district judge a request for an order for possession. The request shall include a statement of the judgment amount, return, and all other matters required by these rules.

(2)      In a case arising out of a residential lease, if before the landlord requests an order for possession,

(a)      an appeal or writ of *certiorari* operates as a *supersedeas*; or

(b)      proceedings in the matter are stayed pursuant to a bankruptcy proceeding or other federal or state law; and

(c)      the *supersedeas* or the bankruptcy or other stay is subsequently stricken, dismissed, lifted, or otherwise terminated so as to allow the landlord to proceed to request an order for possession,

the landlord may request an order for possession only within 120 days of the date the *supersedeas* or the bankruptcy or other stay is stricken, dismissed, lifted, or otherwise terminated.

Official Note: The 15 days in subdivision A of this rule, when added to the 16-day period provided for in Rule 519A, will give the tenant time to obtain a *supersedeas* within the appeal period. *See* Rules 1002, 1008, 1009, and 1013.

The 1995 amendment to Section 513 of The Landlord and Tenant Act of 1951, 68 P.S. § 250.513, established a 10-day appeal period from a judgment for possession of real estate arising out of a residential lease**[;]. *See also* Rule 1002B(1). Rule 1002B(2)(a) provides for a 30-day appeal period for tenants who are victims of domestic violence.[ therefore,] In most cases,** the filing of the request for an order for possession in subdivision B(1) is not permitted until after the appeal period has expired. In cases arising out of a residential lease, the request for an order for possession generally must be filed within 120 days of the date of the entry of the judgment.

**If the tenant is a victim of domestic violence, he or she may file a domestic violence affidavit to stay the execution of the order for possession until the tenant files an appeal with the prothonotary pursuant to Rule 1002, 30 days after the date of entry of the judgment, or by order of the court of common pleas, whichever is earlier. *See* Rule 514.1C. No posting of money or bond is required to obtain a stay with the filing of a domestic violence affidavit; however, upon the filing of an appeal pursuant to Rule 1002, the stay is lifted, and the *supersedeas* requirements of Rule 1008 shall apply.**

The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.*

Subdivision B(2) provides that in a case arising out of a residential lease, if a *supersedeas* (resulting from an appeal or writ of *certiorari*) or bankruptcy or other stay is stricken, dismissed, lifted, or otherwise terminated, thus allowing the landlord to proceed with requesting an order for possession, the request may be filed only within 120 days of the date the *supersedeas* or the bankruptcy or other stay is stricken, dismissed, lifted, or otherwise terminated.

In many judicial districts, appeals of magisterial district court judgments are submitted to compulsory arbitration pursuant to Pa.R.C.P. Nos. 1301–1314. If, after the arbitration, the prothonotary enters an award for possession on the docket in favor of the landlord and the tenant fails to maintain the *supersedeas* required by Rule 1008 prior to the prothonotary entering judgment on the award, then the landlord may terminate the *supersedeas* pursuant to Rule 1008B and request an order of possession from the magisterial district judge pursuant to Rule 515. If the prothonotary enters an award on the docket in favor of the tenant and the tenant fails to maintain the *supersedeas* prior to the prothonotary entering judgment on the award, the landlord may not obtain an order of possession between the time that the prothonotary enters the arbitration award on the docket and the time that the landlord files a notice of appeal.

The time limits in which the landlord must request an order for possession imposed in subdivision B apply only in cases arising out of residential leases and in no way affect the landlord's ability to execute on the money judgment. *See* Rule 516, Note, and Rule 521A.

At the time the landlord files the request for an order for possession, the magisterial district court should collect server fees for all actions through delivery of possession. Thereafter, if the order for possession is satisfied 48 hours or more prior to a scheduled delivery of possession, a portion of the server costs may be refundable. *See* Rules 516 through 520 and 44 Pa.C.S. § 7161(d).

Rule 516.     Issuance and Reissuance of Order for Possession

A.     Upon the timely filing of the request form, the magisterial district judge shall issue the order for possession and shall deliver it for service and execution to the sheriff of, or any certified constable in, the county in which the office of the magisterial district judge is situated. If this service is not available to the magisterial district judge, service may be made by any certified constable of the Commonwealth. The order shall direct the officer executing it to deliver actual possession of the real property to the landlord. The magisterial district judge shall attach a copy of the request form to the order for possession.

B.     (1)     Except as otherwise provided in subdivision C, upon written request of the landlord the magisterial district judge shall reissue an order for possession for one additional 60-day period.

(2)     If an order for possession is issued and subsequently superseded by an appeal, writ of *certiorari, supersedeas*, or a stay pursuant to a bankruptcy proceeding or other federal or state law **or Rule 514.1C**, and

(a)     the appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated; or

(b)     the bankruptcy or other stay is lifted; and

(c)     the landlord wishes to proceed with the order for possession,

the landlord must file with the magisterial district judge a written request for reissuance of the order for possession in accordance with subdivision B(1).

C.     In a case arising out of a residential lease, a request for reissuance of an order for possession may be filed only within 120 days of the date of the entry of the judgment or, in a case in which the order for possession is issued and subsequently superseded by an appeal, writ of *certiorari, supersedeas*, or a stay pursuant to a bankruptcy proceeding or other federal or state law **or Rule 514.1C**, only within 120 days of the date the appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated or the bankruptcy or other stay is lifted.

D.     A written request for reissuance of the order for possession filed after an appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated, or a bankruptcy or other stay is lifted, must be accompanied by a copy of the court order or other documentation striking, dismissing, or terminating the appeal, writ of *certiorari*, or *supersedeas*, or lifting the bankruptcy or other stay.

Official Note: The order for possession deals only with delivery of possession of real property and not with a levy for money damages. A landlord who seeks execution of the money judgment part of the judgment must proceed under Rule 521A, using the forms and procedure there prescribed. The reason for making this distinction is that the printed notice requirements on the two forms, and the procedures involved in the two matters, differ widely.

Subdivision B provides for reissuance of the order for possession for one additional 60-day period.  However, pursuant to subdivision C, in cases arising out of a residential lease, the request for reissuance of the order for possession must be filed within 120 days of the date of the entry of the judgment or, in a case in which the order for possession is issued and subsequently superseded by an appeal, writ of *certiorari, supersedeas* or a stay pursuant to a bankruptcy proceeding or other federal or state law **or Rule 514.1C**, only within 120 days of the date the appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated, or the bankruptcy or other stay is lifted.  The additional 60-day period need not necessarily immediately follow the original 60-day period of issuance. The written request for reissuance may be in any form and may consist of a notation on the permanent copy of the request for order for possession form, "Reissuance of order for possession requested," subscribed by the landlord.  The magisterial district judge shall mark all copies of the reissued order for possession, "Reissued. Request for reissuance filed .......... (time and date)." A new form may be used upon reissuance, those portions retained from the original being exact copies although signatures may be typed or printed with the mark "/s/." There are no filing costs for reissuing an order for possession, for the reissuance is merely a continuation of the original proceeding. However, there may be additional server costs for service of the reissued order for possession.

The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.*

In many judicial districts, appeals of magisterial district court judgments are submitted to compulsory arbitration pursuant to Pa.R.C.P. Nos. 1301–1314.  If, after the arbitration, the prothonotary enters an award for possession on the docket in favor of the landlord and the tenant fails to maintain the *supersedeas* required by Rule 1008 prior to the prothonotary entering judgment on the award, then the landlord may terminate the *supersedeas* pursuant to Rule 1008B and request an order of possession from the magisterial district judge pursuant to Rule 515. If the prothonotary enters an award on the docket in favor of the tenant and the tenant fails to maintain the *supersedeas* prior to the prothonotary entering judgment on the award, the landlord may not obtain an order of possession between the time that the prothonotary enters the arbitration award on the docket and the time that the landlord files a notice of appeal.

The time limits in which the landlord must request reissuance of an order for possession imposed in subdivision C apply only in cases arising out of residential leases and in no way affect the landlord's ability to execute on the money judgment. *See* Rule 521A.

Rule 1001. Definitions

As used in this chapter:

**[(1) "Judgment" means a judgment rendered by a magisterial district judge under Rule 319, 322 or 514.**

**(2) "Appeal" means an appeal from a judgment to the court of common pleas.**

**(3) "Certiorari" means an examination by the court of common pleas of the record of proceedings before a magisterial district judge to determine questions raised under Rule 1009A.**

**(4) "Supersedeas" means a prohibition against any further execution processes on the judgment affected thereby.**

**(5) "Court of common pleas" means the court of common pleas of the judicial district in which is located the magisterial district wherein the questioned action of the magisterial district judge took place.**

**(6) "Claimant" includes a defendant with respect to a defendant's cross-complaint or supplementary action filed pursuant to Rule 342 in the action before the magisterial district judge.**

**(7) "Defendant" includes a plaintiff with respect to the defendant's cross-complaint or supplementary action filed pursuant to Rule 342 in the action before the magisterial district judge.]**

**(1) "Appeal" means an appeal from a judgment to the court of common pleas.**

**(2) "*Certiorari*" means an examination by the court of common pleas of the record of proceedings before a magisterial district judge to determine questions raised under Rule 1009A.**

**(3) "Claimant" includes a defendant with respect to a defendant's cross-complaint or supplementary action filed pursuant to Rule 342 in the action before the magisterial district judge.**

**(4) "Court of common pleas" means the court of common pleas of the judicial district in which is located the magisterial district wherein the questioned action of the magisterial district judge took place.**

12

**(5)  "Defendant" includes a plaintiff with respect to the defendant's cross-complaint or supplementary action filed pursuant to Rule 342 in the action before the magisterial district judge.**

**(6)  "Judgment" means a judgment rendered by a magisterial district judge under Rules 319, 322, or 514.**

**(7)  "Proof of service" means a verified written statement that service was made by personal service or by certified or registered mail, with the sender's receipt for certified or registered mail attached thereto if service was made by mail.**

(8)  Service "by certified or registered mail" means the mailing of properly addressed certified or registered mail.

**(9) "*Supersedeas"* means a prohibition against any further execution processes on the judgment affected thereby.**

**(10)  "Victim of domestic violence" means a person who has obtained a protection from abuse order against another individual or can provide other evidence of abuse.**

Official Note: Although one of the purposes of the definitions in this rule is to avoid needless repetition throughout these appellate rules, some of the definitions are intended to state or clarify the law as well.

In connection with the definition of "appeal" in subdivision **[(2)](1)**, **[see also]** *see also* Rule 1007 and the **[n]N**ote thereto.

Under subdivision **[(3)](2)**, **[certiorari]** *certiorari* is restricted to an examination of the record of the proceedings before the magisterial district judge, which will appear on the complaint forms prescribed by the State Court Administrator. **[See]** *See* *Flaherty v. Atkins*, **[189 Pa.Super. 550,]** 152 A.2d 280 (**Pa. Super.** 1959). This is a narrow form of **[certiorari]** *certiorari*, both with respect to procedure and the matters which can be considered under Rule 1009A.  Since an aggrieved party will be entitled to a broad form of appeal **[de novo]** *de novo* under these rules, there seems to be no justification for providing also for a broad form of **[certiorari]** *certiorari*.  These restrictions on the writ of **[certiorari]** *certiorari* are authorized by § 26 of the Schedule to Article V of the 1968 Constitution.  The writ of error, which at common law was probably available only to review the proceedings of a court of record (**[see]** *see* *Beale v. Dougherty*, 3 Binn. 432 (1811)), is not a form of appellate process permitted by these rules. **[See also]** *See also* *County of Carbon v. Leibensperger*, **[439 Pa. 138,]** 266 A.2d 632 (**Pa.** 1970) (court of common pleas cannot issue writ of prohibition).

[The definition of "supersedeas" in subdivision (4) points out the proper office and limited nature of a supersedeas. See also Rules 1008 and 1013 and the notes thereto.]

Under subdivision **[(9)](7)**, there is no requirement that the sender's receipt for certified mail be postmarked. There is no return receipt requirement for certified or registered mail. It is no longer necessary that the proof of service be under oath or affirmation; however, the statement is now made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

**The definition of "*supersedeas*" in subdivision (9) points out the limited nature of a *supersedeas*. *See also* Rules 1008 and 1013 and the Notes thereto.**

**Under subdivision (10), the definition of a victim of domestic violence is derived from 68 P.S. § 250.513.**

Rule 1002. Time and Method of Appeal

A.      A party aggrieved by a judgment for money, or a judgment affecting the delivery of possession of real property arising out of a nonresidential lease, may appeal **[therefrom] the judgment** within **[thirty (30)] 30** days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form **[which] that** shall be prescribed by the State Court Administrator together with a copy of the Notice of Judgment issued by the magisterial district judge. The prothonotary shall not accept an appeal from an aggrieved party **[which] that** is presented for filing more than **[thirty (30)] 30** days after the date of entry of the judgment without leave of court and upon good cause shown.

B.      **(1)      Except as otherwise provided in subdivision B(2), [A]a** party aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease may appeal **[therefrom] the judgment** within **[ten (10)] 10** days after the date of the entry of judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form **[which] that** shall be prescribed by the State Court Administrator, together with a copy of the Notice of Judgment issued by the magisterial district judge.  The prothonotary shall not accept an appeal from an aggrieved party **[which] that** is presented for filing more than **[ten (10)] 10** days after the date of entry of judgment without leave of court and upon good cause shown.

**(2)      (a)      A tenant who is aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease, and who is a victim of domestic violence, may appeal the judgment within 30 days after the date of the entry of judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form that shall be prescribed by the State Court Administrator, together with a copy of the Notice of Judgment issued by the magisterial district judge, and a domestic violence affidavit.**

**(b)      The domestic violence affidavit shall be on a form prescribed by the State Court Administrator, and affirm that the tenant is a victim of domestic violence.**

**(c)      The domestic violence affidavit shall contain the name of the tenant who is a victim of domestic violence, the name of the perpetrator, the perpetrator's relationship to the tenant who is a victim of domestic violence, and the docket number for any protection from abuse case involving the tenant who is a victim of domestic violence and the perpetrator, as well as a verification by the tenant.**

**(d)      The domestic violence affidavit is not a public record and shall not be publically accessible.**

15

Official Note:  The **[thirty day] 30-day** limitation in subdivision A of this rule is the same as that found in the Judicial Code § 5571(b), 42 Pa.C.S. § 5571(b), as amended by **[§] Section** 10(67) of the Judiciary Act Repealer Act, Act of April 28, 1978, P. L. 202, No. 53.  The **[ten day] 10-day** limitation in subdivision B**(1)** of this rule**, as well as the 30-day limitation in subdivision B(2),** is designed to implement the time for appeal set forth in **[§] Section** 513 of the Landlord and Tenant Act of 1951 (Act No. 1995-33, approved July 6, 1995) (Act No. 1995-33 was suspended by the Pa. Supreme Court on March 28, 1996 by Order of Court insofar as the Act is inconsistent with Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges, as adopted by that Order.)  **[The two subdivisions of t]T**his rule **[are] is** intended to clarify **the appeal timelines for different types of cases.  When an appeal is taken from any judgment for money, or a judgment affecting a nonresidential lease, under these rules, the 30-day period of time for appeal applies.  [that where] When** the right of possession of residential real estate is at issue, **and the tenant is not a victim of domestic violence,** the shorter, **[ten day] 10-day** period for appeal applies**[;].  When an appeal is taken from a judgment affecting a residential lease and the tenant is a victim of domestic violence, the 30-day appeal period applies.  [where the appeal is taken from any judgment for money, or a judgment affecting a nonresidential lease, under these rules, the thirty day period of time for appeal applies.]**  A party may appeal the money portion of a judgment only within the **[thirty day] 30-day** appeal period specified in **[subsection] subdivision** A of this rule.  It is the intent of this rule that no **[supersedeas]** *supersedeas* under **[Pa.R.C.P.M.D.J. No.] Rule** 1008 shall be issued by the **[P]p**rothonotary after the **[ten (10) day] 10-day** period for filing an appeal, unless **a tenant who is a victim of domestic violence files a domestic violence affidavit with the magisterial court within 30 days of the date of entry of judgment or** by order of court.

The method of appeal is by filing with the prothonotary a "notice of appeal" on a form to be prescribed by the State Court Administrator. Copies of this same form will be used for service under Pa.R.C.P.M.D.J. No. 1005.  This permits use of the same form for filing and service.  No useful purpose would be served by having two forms, one called an "appeal" for filing and another called a "notice of appeal" for service.

**The domestic violence affidavit set forth in subdivision B(2) shall be on a form prescribed by the State Court Administrator.  The domestic violence affidavit shall contain the name of the tenant who is a victim of domestic violence, the name of the perpetrator, the perpetrator's relationship to the tenant who is a victim of domestic violence, and the docket number for any protection from abuse case involving the tenant who is a victim of domestic violence and the perpetrator.  The affidavit shall contain the tenant's verification that the statements made in the affidavit are true and correct to the best of the tenant's knowledge, information, and belief, and that any false statements are made subject to the penalties of 18**

**Pa.C.S. § 4904, relating to unsworn falsification to authorities. If the tenant filed the domestic violence affidavit with the magisterial district court prior to filing the appeal, the tenant shall attach a copy of the previously filed affidavit to the appeal rather than filing a new affidavit. The landlord shall only challenge the domestic violence affidavit by filing an appropriate motion in the court of common pleas. No action challenging the domestic violence affidavit on any grounds shall be filed in the magisterial district court.** *See* **Pa.R.C.P.M.D.J. No. 514.1.**

**The domestic violence affidavit is not a public record and it shall not be publically accessible.** *See Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*, **Section 9.0F.**

The 1990 amendment is intended to encourage the complete utilization of the hearing process available before the magisterial district judge.

A copy of the Notice of Judgment must be filed since it will contain the separate entries required by Pa.R.C.P.M.D.J. No. 514**[.]**A and will be needed by the **[P]p**rothonotary.

Rule 1005. Service of Notice of Appeal and Other Papers.

A.     The appellant shall by personal service or by certified or registered mail serve a copy of **[his] the** notice of appeal upon the appellee and upon the magisterial district judge in whose office the judgment was rendered. If required by Rule 1004B to request a rule upon the appellee to file a complaint, **[he] the appellant** shall also serve the rule by personal service or by certified or registered mail upon the appellee. The address of the appellee for the purpose of service shall be **[his]the** address as listed on the complaint form filed in the office of the magisterial district judge or as otherwise appearing in the records of that office. If the appellee has an attorney of record named in the complaint form filed in the office of the magisterial district judge, the service upon the appellee may be made upon the attorney of record instead of upon the appellee personally.

B.     The appellant shall file with the prothonotary proof of service of copies of **[his] the** notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within **[ten (10)] 10** days after filing the notice of appeal.

C.     In lieu of service and proof of service pursuant to **[paragraphs] subdivisions** A**[.]** and B**[.]** of this Rule, the court of common pleas may, by local rule, permit or require that the appellant file with the notice of appeal a stamped envelope pre-addressed to the appellee at **[his] the** address as listed on the complaint form filed in the office of the magisterial district judge or as otherwise appearing in the records of that office, or the attorney of record, if any, of the appellee, and a stamped envelope pre-addressed to the magisterial district judge in whose office the judgment was rendered. Copies of the notice of appeal, and Rule pursuant to 1004B, if applicable, shall thereupon be mailed by the prothonotary or court by first class mail, with such service and any return being noted on the court's docket.

D.     The party filing a complaint under Rule 1004 shall forthwith serve it upon the opposite party in the appeal by leaving a copy for or mailing a copy to **[him at his] the** address as shown in the magisterial district court records mentioned in subdivision A of this rule. If the opposite party has an attorney of record either in the magisterial district court or court of common pleas proceeding, service upon the opposite party may be made upon the attorney of record instead of upon the opposite party personally.

E.     Service and proof of service may be made by attorney or other agent.

Official Note:  Subdivision A requires service of a copy of the notice of appeal upon the magisterial district judge as well as upon the appellee, or **[his] the appellee's** attorney of record. **The notice of appeal includes all documents filed with the prothonotary, including a domestic violence affidavit, if applicable.** This copy, when received by the

magisterial district judge, may operate as a **[supersedeas]** _supersedeas_ under Rule 1008. As to subdivision B, there is no return receipt requirement for service by certified or registered mail and consequently no such receipt need be filed with the prothonotary, although if service is by certified or registered mail the sender's receipt must be attached to the proof of service. **[See]** _See_ Rule 1001**[(9)](7)** and the **[last]** **fourth** paragraph of the **[n]N**ote to Rule 1001. The notice of appeal and the proof of service may be filed simultaneously. **[See also]** _See also_ Rule 1006 and its **[n]N**ote. Subdivision C prescribes a pleading type service of the complaint, which may be made by ordinary mail, upon the opposite party in the appeal or **[his]** **the party's** attorney of record.